## FRESCOLE v. CITY OF LANCASTER.

(Circuit Court, E. D. Pennsylvania. October 10, 1895.)

No. 57.

1. PRACTICE AT LAW—INSPECTION OF DOCUMENTS—DISCOVERY.

The plaintiff, in an action at law on a contract, is entitled, under the Pennsylvania practice, for the purpose of completing his pleadings and preparing for trial, to an inspection of "plans" constituting part of the agreement sued on, where he shows that there is but one complete copy thereof, which is in defendant's possession. Murphy v. Morris, 2 Miles, 60, followed.

2. SAME—FOLLOWING STATE PRACTICE.

The practice in the federal courts in relation to the inspection of papers for the purpose of aiding a party in preparing for trial, as distinguished from inspection of papers "to be used on the trial," in respect to which an act of congress applies, is regulated by the practice prevailing in the state courts. See Anderson v. Mackay, 46 Fed. 105.

3. SAME—PLACE OF INSPECTION.

Quære, whether production of papers, for the purpose of enabling a party to prepare for trial, may be ordered to be made elsewhere than in court.

This was an action at law by Samuel W. Frescole against the city of Lancaster, Pa. Plaintiff has applied for an order on defendant to produce certain papers for inspection.

John G. Johnson, W. H. Roland, and Brown & Hensel, for plaintiff.

John E. Snyder, George Hanman, and B. Frank Eshleman, for defendant.

DALLAS, Circuit Judge. This is an application by the plaintiff for an order on the defendant to produce in advance of the trial, certain "plans," it being averred by petition that said plans are a part of the agreement sued upon, and that their inspection by the plaintiff "is necessary for him in this proceeding, and in order to properly prepare certain amendments to his statements, and to fully complete the pleadings of this cause, and to properly prepare for the trial of said cause." The defendant, by answer, alleges that the petitioner "does not have such interest in the plans mentioned therein as to entitle him to have the same submitted to him in advance of the trial"; "that he has no property whatever in the same"; that (upon information) he already has a copy of them; and that "he cannot need them to prepare his amended statement, as he has filed the said amended statement with his petition." The petition and answer are verified as affidavits, and upon them the matter has been submitted and considered. In Murphy v. Morris, 2 Miles, 60, such an order as is now asked for was, after full consideration, and upon thorough examination of the English decisions, made by a judge of eminent reputation. He rested his judgment "on general principles of common law," and held that the application before him fell "within the narrowest limits of the modern British decisions," by which the general rule, as theretofore laid down by Lord Mansfield, "that, wherever the defendant would be entitled to a discovery in equity, he should have an inspection at common law," had been modified,

so as to restrict orders for inspection to cases of documents "which are, to some extent, the property of both parties, as in the case of an agreement of which there is but one copy." The facts and circumstances of that case and of this one are substantially the same. There the instrument of which inspection was sought, was the foundation of the action. Here it is alleged, and is not denied, that the plans in question are a part of the contract which is the basis of the suit, and of course there is no difference in principle whether the examination needed be of an entire document or only of a part of it. If, in the case of an agreement of which there is but one copy, "the party who holds it is a trustee for the other," it follows that, where there is but one complete copy, that copy is so held. The averment of the answer, that the plaintiff has a copy of these plans, is entitled to no weight. It is made upon information, the source of which is not stated, and it is not even coupled with the usual statement that the respondent believes it to be true. In Murphy v. Morris the application was made before declaration filed. Here, it is made after, or contemporaneously with, the filing of an amended statement. But, again, this makes no difference. It may well be that, upon inspection of the plans, still further amendment may be thought requisite, and may be allowed; and, moreover, the reasoning of the opinion in Murphy v. Morris clearly goes to the extent of showing that the production of papers may be directed, not only for the purpose of enabling a plaintiff to declare, but also to aid him in preparing for trial. The gist of the matter is that each party is equally entitled to know the entire contents of their mutual agreement, before their respective rights thereunder are subjected to judicial investigation.

I am aware of no case in the Pennsylvania courts in which the ruling in Murphy v. Morris has been questioned, and I believe it may be taken to correctly indicate their practice. That practice seems to me to be a just and salutary one, and I perceive no reason for supposing that it should be excluded from this court, but, to the contrary, find it sanctioned, as I think, by federal decisions. In Anderson v. Mackay, 46 Fed. 105, Judge Lacombe, in the Second circuit, granted an order for the examination of a defendant to enable the plaintiff to frame his complaint; and, if this could be done, the production of documents for a like purpose certainly may be required. The decision was based upon the practice of the tribunals of the state in which the circuit court was sitting. It seems that, in that instance, the state practice was established by statute, not by judicial authority; but that circumstance, which is manifestly of no importance, was not even referred to in the opinion. The court distinguished between evidence "to be used on the trial," to which an act of congress applies, and an examination needed for preparation; and if this distinction be borne in mind, the question will be relieved from any difficulty suggested by the familiar principle that state practice is not to be followed where, by a statute of the United States, that of the federal courts has been prescribed. In Coit v. Amalgamating Co., 9 Fed. 577, a suit in equity, an order was made, in this district, for the production of certain books and papers. The case is not fully reported, but I have examined the record, and find that, although

production was ordered after issue joined, and, presumably, with a view to the use of the documents as evidence on the hearing, yet one, and perhaps the principal, object of the complainants, who obtained the order, was to secure an opportunity for their inspection in advance of hearing; and the legitimacy of that object was obviously recognized by the court, for the order which it finally made contains this clause: "And that the complainants' counsel may inspect the books and papers so produced, in the presence of the examiner."

I hold, for the reasons I have endeavored to present, that the plaintiff should be permitted to inspect the plans in question, and to make a copy of them if desired. It is not perfectly clear to me, however, that the defendant should be required to produce them elsewhere than in court. Therefore, the order now to be made will be for such production, and, when they shall be so produced, the court will probably direct the inspection to proceed in the presence of its clerk. The inconvenience to parties and counsel which might arise from precisely pursuing the terms of this order would be in great measure obviated by making the production and inspection before the circuit court commissioner at Lancaster; and if counsel shall agree upon the latter course, they may understand that it is sanctioned by the court.

It is ordered that the defendant shall produce the plans mentioned and referred to in the plaintiff's petition before this court, on October 15, 1895, at 10 o'clock a. m.