(120 App. Div. 144)

WAITZFELDER v. A. MOSES' SONS & CO. et al.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

DISCOVERY—EXAMINATION BEFORE TRIAL—STATUTORY PROVISIONS.

Under Code Civ. Proc. § 872, subd. 4, and Gen. Rules Prac. 82, requiring an affidavit for an order for the examination of a party before trial to specify the facts showing the materiality of and necessity for the examination, where, in an action on a note, defendants' moving papers showed that defendants had all the information necessary to enable them to tender the issues for the ascertainment of which they claimed the examination of plaintiff was necessary, it was improper to allow an examination.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 51.]

Appeal from Special Term, New York County.

Action by George P. Waitzfelder against A. Moses' Sons & Company and others. From an order denying a motion to set aside an order directing an examination of plaintiff before trial, he appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

Paul M. Herzog (Branch P. Kerfoot, of counsel), for appellant.
Edward W. Murphy (William J. Bolger, of counsel), for respondents.

CLARKE, J. The action is brought to recover $10,000 on a note alleged to have been made by the copartnership of A. Moses' Sons & Company, indorsed by the defendant for value to the order of one Baron, and before maturity indorsed and transferred by the said Baron to the plaintiff. The order for examination provides that the plaintiff be examined as to the facts and circumstances which are within his knowledge concerning his ownership of the note in suit, and of the facts and circumstances surrounding the delivery of the note to his assignor, in order to enable the defendants to frame an answer.

The affidavit upon which the order for examination was granted was made by one of the defendants, and averred that prior to the service of the amended complaint herein, and, as deponent is informed and believes, prior to the transfer of the note in suit herein to the plaintiff, the defendants commenced an action against the plaintiff and Baron, his assignor, in which they sued to recover the said note, together with the interest which had been paid thereon, upon the ground that said note was given in pursuance of a usurious agreement, and that usurious interest had been paid thereon for three years, and that prior to the commencement of this action, and, as deponent is informed and believes, prior to the transfer of the note in suit to the plaintiff, this deponent commenced an action against the said Baron to recover the sum of $25,000, which amount deponent claims the said Baron was indebted to him, and deponent verily believes that the transfer of said note by the said Baron to the said plaintiff was made to avoid liability to deponent thereon, and to enable the plaintiff to allege that he was an innocent holder for value thereof before maturity. He also avers that at the time of the execution and delivery of said note he was the husband of a daughter of Baron, the payee named in said note; that subsequent to the making and delivery of the note he and his wife were divorced, and that his said former wife has since married the plaintiff herein; that, while deponent and his said former wife were living together, the plaintiff was a constant and frequent visitor at the house of deponent, and was regarded by deponent as an intimate friend; and that he has frequently discussed with the said plaintiff the circumstances of the making and giving of the note in suit, its usurious character, and the reasons for the making of the note, and said plaintiff was, as deponent fully believes, fully cognizant of all the facts and circumstances in connection therewith. He then alleges that it will be impossible for him to frame his answer without an examination of the plaintiff, and asks that he be required to answer such questions as will tend to inform these defendants of the circumstances surrounding the assignment of the note in suit to him and concerning his ownership.

There is no statement in the moving papers that the defendants intend to use the evidence so obtained upon the trial; the sole reason given for the examination being to enable them to frame an answer. Notwithstanding the liberal rule as to the examination of parties before trial recently established in this department by Goldmark v. United States Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078, and the other cases in accordance therewith, the rule, as laid down by subdivision 4 of section 872 of the Code of Civil Procedure and rule 82 of the general rules of practice, that the affidavit shall specify the facts and circumstances which show that the examination is material and necessary, has not in any way been weakened or abrogated. The moving papers in the case at bar affirmatively establish that the examination of the plaintiff is not necessary to enable the defendant to frame his answer. The moving papers show that the defendants have now all the information necessary to enable them to tender the issues, for the ascertainment of which they claim

the examination of the plaintiff is necessary. In the complaint, which all three defendants verified, in the action which they brought to declare the note sued on here usurious, they have alleged as a matter within their own knowledge that the plaintiff herein knew of the facts and circumstances which they claim made that note invalid; and, irrespective of that, their moving affidavit discloses that they can present their issues at least upon information and belief, or can put the bona fides of the possession of the note in the hands of the plaintiff in issue by denying knowledge or information sufficient to form a belief in regard thereto. Such an issue being raised by the answer, the burden will be put upon the plaintiff to establish that he is a holder in good faith and before maturity.

While we intend to adhere to the policy, frequently expressed, of allowing examinations before trial in the interests of justice within what we believe to have been the original intent and spirit of the provisions of the Code, it is our opinion that this order was improperly granted; and it should, therefore, be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.