(121 App. Div. 501.)

### PIERCE v. McLAUGHLIN REAL ESTATE CO.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

1. DISCOVERY—EXAMINATION OF DEFENDANT—GROUNDS.

No examination of defendant in an action for an accounting is necessary to enable plaintiff to frame a complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 51.]

2. ACCOUNT—COMPLAINT—SUFFICIENCY.

A complaint, in an action for an accounting, need only show that plaintiff is entitled to an accounting, and plaintiff, after filing a complaint showing that he is entitled to an accounting, may obtain an interlocutory judgment that defendant file an account.

Appeal from Special Term, Kings County.

Action by Benson H. Pierce against the McLaughlin Real Estate Company. From an order denying a motion to vacate an ex parte order for the examination of defendant to enable plaintiff to frame his complaint, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

James P. Judge, for appellant.

Albert A. Hovell, for respondent.

GAYNOR, J. The plaintiff does not state in his affidavit what kind of an action he has brought by the service of the summons. It may be gathered from such affidavit that it is a suit for an accounting. It states that the plaintiff had an oral agreement with the defendant to get purchasers of real estate owned or controlled by it, the plaintiff to be paid a percentage of the net profit the defendant should realize on the real estate thus sold, and that many sales were made by the plaintiff. No examination is necessary to frame a complaint for an accounting. If the defendant be under the duty to account to the plaintiff, and refuses to do so, as the plaintiff's affidavit alleges, then all that the plaintiff needs to do is to frame a bare and lean complaint showing that he is entitled to an accounting. Then the course is to obtain an interlocutory judgment that the defendant file an account. The practice following that is equally familiar to the profession. The plaintiff wants to get the account before he serves a complaint.

The order should be reversed.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur.