## In re GARDNER et al.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

DISCOVERY—EXAMINATION BEFORE TRIAL—NECESSITY FOR.

Where, notwithstanding the averment, on petition for an order directing an examination to enable petitioners to frame a complaint, that petitioners are unable to frame a complaint without the examination, there appears in their affidavit every fact necessary to allege, in an action for an accounting, an agreement under which a fiduciary relation was assumed, the possession of property under that relation by the proposed defendants, a disposition thereof, and a demand for information and refusal, the order for examination should be denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 50.]

Appeal from Special Term.

Petition by John Gardner and Stephen J. Macy for an order directing Robert H. Hopper and Julia H. Bigelow to appear before a referee for examination to enable petitioners to frame a complaint. From an order denying a motion to vacate an order directing the examination, Robert H. Hopper and Julia H. Bigelow appeal. Order reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

M. E. Harby, for appellants.
Charles Benner, for respondents.

CLARKE, J. The affidavit upon which the order for the examination was obtained alleged that an action is not now pending, but that one is about to be brought by deponents as plaintiffs against Robert H. Hopper and Julia H. Bigelow as defendants; "that the nature of the controversy that is expected to be the subject thereof is as follows: An action for an accounting and for the discovery of the application and disposition of certain funds and stock and property coming into the hands of said proposed defendants pursuant to an agreement between said Gardner and Macy and Robert H. Hopper and Julia H. Bigelow, dated September 19, 1906, a copy of which is hereto annexed marked 'Exhibit A,' and made a part hereof as though set forth at length." The affidavit further alleges that the testimony of such persons is material and necessary to enable said Gardner and Macy to prosecute an action about to be brought by them, and, again, that the circumstances which render it necessary for the protection of the rights

of said Gardner and said Macy that the testimony of said Robert H. Hopper and Julia H. Bigelow should be perpetuated are as follows: That the testimony is necessary and material, for the. plaintiffs may know therefrom the particulars of the facts which from the circumstances related above are peculiarly within the knowledge of said Hopper and said Bigelow, and which will enable them to frame a complaint; that they are now unable to frame their complaint, and do not know the circumstances of said transactions of said Hopper and said Bigelow under said agreement.

Notwithstanding the averment that they are unable to frame a complaint without the examination, they have set up in their joint affidavit every fact necessary to allege in an action for an accounting. These facts, as alleged, if proved upon the trial, would require an interlocutory judgment compelling an accounting. They allege an agreement under which a fiduciary relation was assumed towards them by the proposed defendants, the possession of property by reason of said fiduciary relation by the proposed defendants, a disposition thereof, a demand for information, and a refusal. It is perfectly obvious that the examination asked for is neither material nor necessary to enable the proposed plaintiffs to frame a complaint. To allow the examination would be to grant the relief prayed, namely, an accounting, before the issuance of a summons. It would compel the possible defendants in a possible suit to account before it had been determined that they were required to account.

In Hutchinson v. Simpson, 73 App. Div. 520, 77 N. Y. Supp. 197, this court said:

"They are in a position, therefore, to frame a complaint in equity for an accounting. They are not required to allege with definiteness or certainty what the accounting will show. * * * The rule still obtains that an examination may not be had before issue joined, unless it be satisfactorily shown that it is necessary to enable the plaintiff to frame his complaint."

In Waitzfelder v. Moses Sons & Company, 120 App. Div. 144, 104 N. Y. Supp. 796, we said that:

"Notwithstanding the liberal rule as to the examination of parties before trial recently established in this department by Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078, and the other cases in accordance therewith, the rule as laid down by subdivision 4 of section 872 of the Code of Civil Procedure and rule 82 of the General Rules of Practice, that the affidavit shall specify the facts and circumstances which show that the examination is material and necessary, has not in any way been weakened or abrogated."

In Boskowitz v. Sulzbacher, 121 App. Div. 878, 106 N. Y. Supp. 865, we said:

"If he has a cause of action for an accounting upon the theory that appellant was a fiduciary agent, * * * he needs no examination to frame a complaint, for general allegations of these facts would be sufficient."

In Pierce v. McLaughlin Real Estate Co., 121 App. Div. 501, 106 N. Y. Supp. 28, the Appellate Division of the Second Department, Mr. Justice Gaynor speaking for the unanimous court, said:

"No examination is necessary to frame a complaint for an accounting. If a defendant be under a duty to account to the plaintiff and refuses to do so,

\* \* \* then all the plaintiff has to do is to frame a bare and lean complaint showing that he is entitled to an accounting. Then the course is open to obtain an interlocutory judgment that the plaintiff file an account. The practice following that is equally familiar to the profession. The plaintiff wants to get the account before he serves a complaint."

There are certain fundamental differences between the examination of an adverse party after issue has been joined to obtain evidence for use upon the trial to sustain a cause of action and the examination of a proposed adverse party to enable a person to obtain information in order to frame a complaint. Decisions upon applications for examinations to obtain evidence to be used upon the trial are not necessarily authoritative upon applications for examinations to enable the framing of a complaint. The Goldmark Case, 111 App. Div. 526, 77 N. Y. Supp. 197, presented the question of the examination of the adverse party after issue joined to be used upon the trial, and, while that case swept away a mass of technical interpretations which had almost throttled the beneficent purposes of the statute, nevertheless this court said:

"The rule that the affidavit must state the facts and circumstances to show that the deposition of the proposed witness is material and necessary to the party making the application is intended to prevent an abuse of the permission to examine an adverse party; so that a party to an action will not be allowed to examine his opponents for an ulterior or improper purpose."

So that, where the affidavit discloses information sufficient to enable the party to frame his complaint for an accounting, an application, which in effect requires that accounting before issue joined, is evidently for an ulterior and improper purpose, because entirely unnecessary.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination granted, with $10 costs. All concur.