(165 App. Div. 768)

### RILEY v. McGEE.

(Supreme Court, Appellate Division, First Department. January 22, 1915.)

DISCOVERY ⊕⇒37—EXAMINATION BEFORE TRIAL—RIGHT—INTEREST OF PARTY —PARTNERSHIP ACCOUNTING.

> Where a partner bequeathed his share in the firm assets to plaintiff's testator, who conveyed it to the surviving partner and released him from accounting to the deceased partner's estate, the legatee's executor, without first having the conveyances set aside, was not entitled to examine the surviving partner to frame a complaint in an action to recover assets; the personalty of the deceased partner not vesting in the legatee's executor, but in his own personal representatives for the purpose of administration.

> [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 50; Dec. Dig. ⊕⇒37.]

Appeal from Special Term, New York County.

Action by John H. Riley, as executor, etc., of David Lawton, deceased, against James McGee. From an order denying defendant's motion to vacate an order obtained for his examination to enable plaintiff to frame his complaint, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, McLAUGH-LIN, SCOTT, and DOWLING, JJ.

Philip S. Dean, of New York City, for appellant.

Thomas O'Rourke Gallagher, of New York City, for respondent.

LAUGHLIN, J. The plaintiff, as executor of David Lawton, deceased, claims that he has a cause of action against the defendant to recover assets of the estate, but that he requires an examination of the defendant to ascertain "the exact total" of the personal property of which Morris Lawton, the son of the testator, died seised, and "the increase of same" and the income of the "properties" of plaintiff's testator, to enable him to frame a complaint; and he shows by affidavit that he wishes to ascertain by the examination what assets were owned by a copartnership between the defendant and said Morris Lawton, which he alleged existed down to the death of the latter, and what bank accounts the firm or its members had, either jointly or severally, and the balances shown thereby, and the real estate held by them jointly and severally, and the interest of each therein and the income thereon, and to trace the income from the death of Morris Lawton to the death of plaintiff's testator, and "any and all other facts material to the issue."

We are of opinion that the plaintiff failed to show that he was entitled to the examination. He merely showed that the defendant and Morris Lawton, who died on the 24th of October, 1907, leaving his father his sole heir at law and next of kin, were copartners, and as such had accumulated five parcels of real estate, concerning which there was no accounting between them; that after the death of Morris Lawton, and on the 11th day of December, 1907, the defendant "by trick and device and fraudulent representations" induced plaintiff's testator and his wife "to sign over" to defendant the five parcels of real estate which the defendant and Morris Lawton held as copartners, "together with two other pieces," and to execute an agreement to the effect that there was nothing due and owing from the defendant to the estate of Morris Lawton; that the deeds of conveyance and agreement which were so executed by the plaintiff's testator "are the basis of another action now pending in the Supreme Court of this county, brought by the heirs to remove a cloud on title"; that the defendant, ever since said conveyance to him, has managed and controlled the real estate, and has had possession "of all of the personalty"; and that the plaintiff has no knowledge with respect to the extent or value of the same. No partnership between the plaintiff's testator and the defendant is shown or claimed. If, on any theory, plaintiff has a cause of action against the defendant for an accounting, he would not need or be entitled to an examination to frame a complaint. Matter of Gardner, 124 App. Div. 654, 109 N. Y. Supp. 95; Pierce v. McLaughlin Real Estate Co., 121 App. Div. 501, 106 N. Y. Supp. 28.

But plaintiff's counsel insists that this is not a suit in equity for any purpose. With respect to the copartnership between defendant and Morris Lawton, the property rights of the parties should be determined in an action for an accounting brought by or against the per-

sonal representative of Morris Lawton. In other words, the plain-
tiff, as the executor of the father of Morris Lawton, is not vested
with any cause of action for an accounting with respect to that co-
partnership. The assets which the plaintiff seeks to recover, with
the exception of the income therefrom arising subsequent to the con-
veyance, were conveyed to the defendant by the plaintiff's testator;
and it appears that at the same time a settlement agreement was exe-
cuted, by which the plaintiff's testator, in effect, released the defend-
ant from accounting to the estate of his son. It is manifest that nei-
ther the property thus conveyed, nor the income therefrom since the
conveyances, can be recovered until the conveyances are set aside in
an appropriate action therefor. It is not shown that any of the person-
al property of the plaintiff's testator was assigned to the defendant;
but it appears to be claimed that some of the personal property of Mor-
ris Lawton came into the possession of the defendant. That proper-
ty, however, did not vest in the plaintiff's testator, but in the personal
representative of Morris Lawton, deceased, for the purpose of ad-
ministration, and the plaintiff, therefore, would have no cause of action
therefor; and, if he could maintain a cause of action therefor, it could
not be maintained without setting aside the settlement agreement. It is
evident, therefore, that the plaintiff fails to show that there are any
assets of *his* testator in the hands of the defendant which he is entitled
to recover in this action.

It follows that the order should be reversed, with $10 costs and dis-
bursements, and the motion to vacate the order for the examination
granted, with $10 costs.

Order reversed, with $10 costs and disbursements, and motion grant-
ed, with $10 costs.

INGRAHAM, P. J., and McLAUGHLIN, SCOTT, and DOW-
LING, JJ., concur.