### DONNELLY v. ANDERSON BROWN & CO., Inc., et al.

(District Court, S. D. New York. July 30, 1921.)

1. Courts ⬤⟲351—Federal court may grant discovery in action at law pursuant to state statute.

   A federal court has power in an action at law to grant an order for the examination of defendant by plaintiff for the purpose of framing his complaint, pursuant to provisions of the state statutes, where it is shown that plaintiff does not possess sufficient information.

2. Discovery ⬤⟲37—Plaintiff held entitled to an order for examination of defendants for the purpose of framing complaint.

   In an action at law by a customer against brokers to recover money and securities deposited to margin stock purchases, where it is shown that in some instances defendants charged plaintiff's account with losses on stocks which they did not purchase, and that they disposed of bonds deposited as collateral, but that plaintiff was without knowledge of the extent of such practices, plaintiff *held* entitled to an order under Code Civ. Proc. N. Y. §§ 870–886, for examination of defendants for the purpose of framing his complaint.

At Law. Action by James Donnelly against Anderson Brown & Co., Inc., James MacFadyean, and William C. Brower. On motion by defendants to vacate order for examination of defendants. Modified.

---

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The plaintiff obtained an order to examine the defendants in an action at law for the purpose of framing his complaint. He relied upon the provisions of article 1, title 3, of chapter 9 of the New York Code of Civil Procedure, which gives such a right. The chief allegations of his affidavit are stated in the opinion below. The defendants moved on the papers to vacate the order.

Max L. Arnstein, of New York City, for the motion.
Gilbert E. Roe, of New York City, opposed.

LEARNED HAND, District Judge. [1] The power of this court to grant such an examination stands directly upon Anderson v. Mackay (C. C.) 46 Fed. 105, which has been neither qualified nor reversed since it was decided. Indeed, Frescole v. Lancaster (C. C.) 70 Fed. 337, must be taken as founded upon it and in accord with its principle. Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117, is not contra, either on the facts or on the ratio decidendi. An examination to frame a pleading is quite another thing from a perpetuation of testimony to be used in proof of the issues. Nor does Carpenter v. Winn, 221 U. S. 533, 31 Sup. Ct. 683, 55 L. Ed. 842, touch this point. A ruling by a judge of this circuit squarely in point ought to be followed till reversed, except in case of a very clear opinion to the contrary. On the contrary, I believe that the ruling as res nova is correct.

[2] I think enough facts are alleged to bring the case within the statute. I agree that the plaintiff must show that he has not now enough information to frame a complaint. Waitzfelder v. Moses Sons & Co., 120 App. Div. 144, 104 N. Y. Supp. 796; Matter of Gardner, 124 App. Div. 654, 109 N. Y. Supp. 1130; Thompson v. Haigh et al., 134 App. Div. 614, 119 N. Y. Supp. 331. Has he such information at hand?

The plaintiff says that he means to sue in conversion and on contract; that from time to time he delivered some $13,000 in cash and $15,000 in securities, as margin to a speculative account, which he opened with the defendants, who were his brokers; that they accounted with him periodically, and in the accounts professed to have executed his orders; that on April 11, 1921, when he came to change the account upon their demand for further margin, the defendants were very slow in delivering to the new broker some of the securities which should have been in the account; that he later learned that in the case of $4,000 par value of certain bonds, which they should have kept unsold, the actual bonds delivered to the new broker were not the same as those delivered by him, but that his bonds had been sold and others substituted when the account was changed. In the case of some of the securities alleged in the accounts to have been purchased, a former employee of the defendants swears that to his knowledge the defendants never bought or held the securities for the plaintiff, as they should, but made only book entries.

From these facts he suspects that the defendants never did buy and sell any of the stocks which he ordered, and, if so, they had no right to apply any part of his margin to their own use to meet any losses. I

must assume on these papers that they did charge him with losses, and did not turn over to the new broker all his margin. If so, they must justify by showing actual purchases and sales. Now I quite agree that it would be an intolerable thing to allow a broker's customer to examine the broker and pry into his books on a mere charge that the latter had defrauded him. This is not such a case. The customer has shown that in some instances the brokers failed to execute orders which they told him they had. He has further shown that they have sold bonds which they professed to have on hand, and that they had to buy equivalent bonds to close out the account. These allegations are not denied, and must be taken as true; on their face they show that in some instances, at any rate, the brokers who are fiduciaries have been faithless to their trust. That removes any hardship which there might otherwise be in subjecting them to an examination.

On the other hand, it is impossible for the customer to state his cause of action without that information. He must show that when the brokers sold or credited themselves with any of the margin, they had in fact not executed those orders upon which the losses depended which were their justification. It is entirely impossible for him to allege which of the purchases or sales which they reported to him they had not executed, unless he learns it from them. Yet in conversion or in an action for money had, he must show each several wrongful application of his property on which he means to rely. That is not matter of damages, but of the very cause of action.

Now it may be that the plaintiff has stated enough to justify a bill in equity for an accounting; he has shown the fiduciary relation and several instances of misfeasance. Yet he is not for that precluded from suing at law, and in his action he is entitled to all the usual procedure. I can see no reason to vacate the order, and much reason to allow the examination. However, in deference to Ex parte Fisk, supra, I think the order should be modified to prevent the use at the trial of any of the evidence procured.