LOUISA WILLIAMS and Others, Respondents, v. SAMUEL D. FOLSOM and Others, Appellants.

*Examination of a defendant before trial — the necessity thereof before the trial must be shown.*

It is necessary, on an application for the examination of the defendant before trial, to show not only that a knowledge of the facts, sought to be elicited on such examination, can only be obtained by the examination of the opposite party, and is essential to enable him to proceed with the prosecution of the action, but also that a necessity exists for obtaining the evidence of the party sought to be examined in relation to such facts prior to the trial of the action.

*Jenkins* v. *Putnam* (106 N. Y., 272) followed; *Miller* v. *Kent* (59 How. Pr., 321); *Judah* v. *Lane* (12 N. Y. St. Rep., 131); *Dyett* v *Seymour* (19 id., 765); *Frothingham* v. *Broadway, etc., Railroad Company* (9 Civ. Pro. R., 304) distinguished.

Appeal by the defendants from an order made at the New York Special Term, and entered in the office of the clerk of the county of New York July 3, 1889, denying a motion to vacate an order for the examination of the defendants before trial.

*George Putnam Smith*, for the appellants.

*Henry B. Gayley*, for the respondents.

Daniels, J. :

An order was heretofore made in this action for the examination of the defendants, and upon the denial of the motion to vacate it an appeal was taken to the General Term and the order was vacated, because of the insufficiency of the case made in its support. The case, as it has been presented for the other order, does not so materially differ from that previously presented as to remove it from the controlling effect of this decision.

The action has been brought for damages arising out of the alleged misconduct of the defendants as real estate agents in and about the sale of property owned by the plaintiffs. It has been alleged that they were induced to convey the property to the wife of one of the defendants, by means of misrepresentations made concerning their ability to obtain a better purchaser for it, and their ability to sell it upon more advantageous terms. The price for which it was sold was the sum of $97,000. And shortly after its conveyance in this manner a sale was made of it to another person

for the sum of $110,000, the claim being that the defendants should be held liable for this difference. In the affidavit on which the order has been made it has been stated, in support of the application, "that plaintiffs desire the testimony of said defendants to prove, among other things, the following facts: That said Jessie Folsom was not a purchaser in good faith and for value of the premises hereinbefore referred to, but acted for the benefit of defendants; that defendants received offers for the purchase of said premises, which they did not communicate to plaintiffs, or either of them; that they failed to take the necessary and proper steps for the sale of said property, but conceived the idea of purchasing it themselves, or for their benefit, at an inadequate price; that within a short time after the contract of sale hereinbefore mentioned was signed by the plaintiff Williams, said property was resold to said Fred J. Stone at a price of $110,000, and that said sale was for the benefit of defendants, or some of them, and not for the benefit of said Jessie Folsom; that the foregoing are merely some of the matters upon which the testimony of the defendants is required."

But from this statement it nowhere appears that the proper prosecution of the plaintiff's action will be in any manner dependent upon their ability to obtain the examination of the defendants before the trial itself shall actually take place. No reason has been suggested for even supposing that the defendants will not be as accessible as witnesses in the action when the time for the trial shall arrrive as they are at the present time, and no necessity accordingly exists for their examination. Certainly they will not be required to prove the price for which Mr. Stone purchased the property, for he will be a competent witness to make that proof. And, as to the facts that the defendants received offers for the premises not communicated to the plaintiffs, or that they failed to take the necessary and proper steps to make a suitable sale of the property, which are the only additional circumstances proposed to be proved by them, there is no reason for supposing that they may not be as well proved by the examination of the defendants upon the trial as by taking their testimony previous to that time. And proof of as much as that was considered to be required for the support of the order in *Jenkins* v. *Putnam* (106 N. Y., 272, 275).

The cases of *Miller* v. *Kent* (59 How Pr., 321); *Judah* v. *Lane* (12 N. Y. St. R., 131); *Dyett* v. *Seymour* (19 id., 765) and *Frothingham* v. *Broadway, etc., Railroad Company* (9 Civ. Pro. R., 304) are entirely distinguishable from the application which was made for this order, for in each of them it was made to appear that a knowledge of facts, which could only be obtained by the examination of the opposite parties, was essential to enable the plaintiffs to proceed with the prosecution of the action. They were facts, too, of such a description as was required to be known before the trial itself, while here no necessity whatever exists or has been shown for obtaining the evidence of the defendants prior to the trial of the action. The cases are so common where parties are required to be examined, at the instance of their adversary, for an application to be made either for the purpose of annoyance or the mere discovery of what may be the evidence expected to be encountered upon the trial, that it has become necessary to apply reasonably strict rules for the support of these proceedings. It is quite clear from the case, as it has been stated in the complaint and in this affidavit, that no necessity exists for the examination of these defendants prior to the time of the trial.

The order should, therefore, be reversed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements.