## 398 NATHAN v. WHITEHILL.

Van Brunt, P. J., and O'Brien, J., concurred.

Judgment reversed and new trial granted, with costs to appellant to abide event.

---

HARMON H. NATHAN, Suing in Behalf of Himself, etc., Respondent, v. ROBERT WHITEHILL Appellant, and Others.

*Examination of a defendant to enable plaintiff to draw his complaint — trustee of a stock corporation dealing with it.*

An examination of a defendant, to enable the plaintiff to frame a complaint based upon business dealings between such defendant and a corporation, in which the plaintiff is a stockholder, should not be granted before the plaintiff has exhausted the ordinary avenues of information by inspecting, or attempting to inspect, the books of account of the corporation.

Nor should it be granted when it is apparent that the object of the application is merely to ascertain whether the plaintiff has any cause of action upon which he may reasonably hope to succeed.

*Semble,* that it is not now the rule in this State that a trustee of a stock corporation cannot have business dealings with the corporation.

APPEAL by the defendant, Robert Whitehill, from an order, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 5th day of December, 1892, denying defendants' motion to vacate an order obtained by the plaintiff requiring the defendants to appear for examination for the purpose of enabling the plaintiff to frame his complaint.

The action was commenced by the service of a summons, in which the plaintiff was described as "suing in behalf of himself and of all other stockholders of the Pictet Artificial Ice Company (Limited), similarly situated with him, and who may desire to join in this action and bear their share of the expense thereof."

In the affidavit, on which the order was granted requiring the defendant Whitehill to appear for examination to enable the plaintiff to frame his complaint, the plaintiff alleges that he is a stockholder in the Pictet Artificial Ice Company (Limited), a corporation organized under chapter 611 of the Laws of 1875; that the individual defendants were directors and the defendant Whitehill the president of the company; that the defendants in certain instances had dealings with the corporation of which they were trustees, to their own advantage and profit, and that such profit, therefore, belongs, as a right, to the corporation, and that the plaintiff seeks an accounting with respect to such profits.

The affidavit also alleges that the defendant Whitehill and others had formed a new company to transact the same business as the original Pictet Company, which has taken substantially the entire business of the old company, and that Whitehill and other defendants still retain control of the old company, which is now in a state of insolvency.

*C. E. Rushmore,* for the appellants.

*J. A. Taylor,* for the respondent.

VAN BRUNT, P. J.:

We see no sufficient reason disclosed upon the papers for the granting of the order for the examination in this case. It seems to

be assumed, as the basis upon which this action proceeds, that because the defendant Whitehill was a trustee of the corporation in which the plaintiff was a stockholder, therefore, he could not deal with such corporation. This theory, which has so long obtained in this State, seems to have been exploded by the decision of the Court of Appeals in the case of *Gamble* v. *Queens County Water Company* (123 N. Y., 91).

It further appears that the company in which the plaintiff was a stockholder kept books of account, which are within the reach of the plaintiff, and it does not appear that the plaintiff has made any attempt whatever to procure an inspection of these books, or that access to them has been denied. Therefore, when the plaintiff states that he is unable to procure the information in regard to the transactions of the company in any other way than by this examination, it does not appear that he has exhausted the ordinary avenues of information; and it seems to us that, until this has been done, the plaintiff is not entitled to the extraordinary relief demanded in proceedings of this nature.

Furthermore, this application is made for the purpose of enabling the plaintiff to frame his complaint. It would seem that he has information sufficient to prepare such a pleading to bring the parties into court. After the issues have been framed, if it should appear, to the court, necessary for the plaintiff, in preparing for trial, to avail himself of such examination, such relief can then be granted; but, we think, that there is no reason for the granting of this order at the Special Term, as it is undoubtedly intended as a fishing excursion to ascertain whether the plaintiff has any cause of action upon which he might reasonably hope to succeed.

The order should be reversed, with ten dollars costs and disbursements, and motion granted.

O'BRIEN, and FOLLETT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted.