(3 Misc. Rep. 514.)

BRITTON et al. v. MACDONALD et al.

(Common Pleas of New York City and County, General Term. May 10, 1893.)

1. EXAMINATION OF PARTY BEFORE TRIAL—DISCOVERING CAUSE OF ACTION.

Adverse examination of a defendant before trial is not allowable for the purpose of discovering a cause of action.

2. SAME—NATURE OF EVIDENCE.

To authorize the examination of a party before trial, and after issue, at the instance of his adversary, his testimony must appear to be material, necessary, and probably unattainable at the trial.

(Syllabus by the Court.)

Appeal from special term.

Action by Reuben A. Britton, Melancthon Burr, Jr., and James K. Boyd against Neil Macdonald and James M. Ashley. From an order granting plaintiffs an examination of defendant Macdonald before trial, that defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Alexander V. Campbell, for appellant.
Henry B. Ely, for respondents.

PRYOR, J. The object of the action is to fasten a liability upon
Macdonald, as undisclosed principal, for a debt actually contracted
by Blair, and the avowed purpose of the proposed examination of
Macdonald is to find out if Blair was in fact his agent. The plain-
tiff Burr swears that his "sole reason for the examination of Mac-
donald is to ascertain whether he had authorized Blair to act as
his agent," etc. If Blair was not the agent of Macdonald, then,
obviously, the plaintiffs have no recourse against him; and so the
desired examination is but an experiment to ascertain whether the
plaintiffs have a cause of action against Macdonald. For such pur-
pose the examination of a party before trial is not allowable. The
provisions of the Code proceed upon the fact that the plaintiff has
a right of action, and the examination of the defendant is author-
ized, as upon the trial, only to elicit evidence in support of that
right; to establish, not to discover, a cause of action. To entitle
a party to an examination of his adversary before trial, it must
appear that the "testimony of such person is material and neces-
sary for the party making such application." Code, § 872, subd.
4. But it appears by the complaint that the plaintiffs have other
sources of information and evidence as to Blair's agency for Mac-
donald; and particularly, by the moving papers, that Blair is a
competent and accessible witness to establish such agency. No
adequate occasion exists, therefore, for the examination of Mac-
donald. "If, from the nature of the action, and the other facts
disclosed, the judge can see that the examination is not necessary
for the party seeking it, then it cannot be supposed that it was
the legislative intent that he should be obliged, nevertheless, to
make the order." Earl, J., in Jenkins v. Putnam, 106 N. Y. 272,
275, 12 N. E. Rep. 613. It is not apparent—the contrary, rather—
that Macdonald's testimony will not be attainable at the trial; and
this defect in the moving papers was, of itself, sufficient to de-
feat the motion. Williams v. Folsom, (Sup.) 7 N. Y. Supp. 568;
Carter v. Good.[1] It is the right of a party to have the trial of
his cause in due order, and in open court; and only for obvious

[1] The following is the memorandum filed April 21, 1890, at a special term of the su-
preme court, New York county, by Mr. Justice Andrews, in Carter v. Good et al.:
"As an original question I should have supposed that the affidavit was sufficient to
entitle the plaintiff to an examination of the defendant Good before trial. It has, how-
ever, been held in several cases that the party desiring an examination of his ad-
versary must show special circumstances making it important to take the testimony
before trial, instead of at the trial. Williams v. Folsom, 52 Hun, 68, 5 N. Y. Supp.
211; Williams v. Folsom, 54 Hun, 308, 7 N. Y. Supp. 568; Jenkins v. Putnam, 106 N. Y.
272, 12 N. E. Rep. 613. The only reason given in the affidavit for having the examina-
tion before the trial is that the attorney for the plaintiff swears that he ' does not
know whether the said Brent Good will be within the jurisdiction at the time of said
trial, and whether, if said Brent Good is then within the jurisdiction, his attendance at
the trial can then be obtained.' The attorney does not even swear that he believes, or
that he has information, that Good will not be within the jurisdiction at the time
of the trial, or that his attendance cannot then be obtained, nor does he state any fact
whatever which tends to show that the examination of Good cannot be as well had at
the trial as before it. I am of the opinion that under the decisions above cited the
affidavit is insufficient, and that the order should be vacated, with $10 costs, to abide
the event."

and adequate reasons may the right be partially defeated by the taking of testimony out of court, or in advance of the trial.

Summarily, the case is this: After suit against Blair,—the man whom the plaintiffs trusted,—they discovered his insolvency. Thereupon they bring this action against Macdonald on the possibility that he was Blair's principal; and now they seek, by an examination of Macdonald, to ascertain whether their conjecture as to his liability be a fortunate speculation. This will never do. Already the privilege of inquisition against an adverse party before trial has been pushed to the point of annoyance and oppression, but it has not yet been sanctioned as an instrumentality by which a baffled plaintiff may discover a responsible defendant. See interesting and instructive note, [Feuchtwanger v. Dessar, (Sup.) 5 N. Y. Supp. 129,] 1 Silvernail, 2-55.

Order reversed, with costs and disbursements. All concur.