(7 Misc. Rep. 75.)

### BURRITT v. KOSTER, BIAL & CO.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

EXAMINATION OF PARTY BEFORE TRIAL—WHEN DENIED.

In an action against a corporation for an assault alleged to have been committed by defendant's servants, an order for the examination of defendant's president before trial, to ascertain whether such persons were defendant's servants, will be denied, where it does not appear that defendant or its president had any knowledge of the alleged assault, or the identity of the persons alleged to have committed it.

Appeal from special term.

Action by Chester C. Burritt against Koster, Bial & Co., a corporation, to recover damages for an alleged assault and battery. From an order denying a motion for an examination of defendant as a party before trial, plaintiff appeals. Affirmed.

The complaint alleged that plaintiff bought a ticket to defendant's theater or music hall, and thereupon lawfully entered the same; that while he was lawfully in said theater or music hall he endeavored to serve on an usher therein a subpoena requiring said usher to appear and testify as a witness in an action, and that, while plaintiff was in the act of handing a copy of said subpoena, with the subpoena fee, to said usher, plaintiff was violently and unlawfully seized, assaulted, and ejected from said theater or music hall by defendant, and the doorkeeper thereof was thereupon directed by defendant not to allow plaintiff to enter said theater or music hall.

The opinion of BISCHOFF, J., denying the motion is as follows:

The purport of the order is plainly to enable plaintiff to ascertain whether or not the persons alleged to have assaulted him were defendant's employes, and so, whether or not he has a cause of action against defendant. Besides, it does not appear that the defendant or its president has any knowledge of the alleged assault, or of the identity of the persons alleged to have committed it. At most, therefore, the examination would elicit hearsay testimony, which is incompetent and unavailable for any purpose.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

George M. Pinney, Jr., for appellant.
Fromme Bros., for respondent.

PER CURIAM. We suspended the decision to which we inclined on the argument that we might consider the authorities to which counsel for the appellant earnestly entreated our attention. We have examined those authorities, and we find them of no effect in modifying our impression of the propriety of the order in question. The decision of the learned judge at special term is firmly supported by the reasons upon which he grounds it; and is vindicated by conclusive authority. Britton v. MacDonald, 3 Misc. Rep. 514, 23 N. Y. Supp. 350. While we have every disposition to assist the appellant in his declared purpose of protecting the process of the court, we cannot disregard the settled rules of law even in the pursuit of so laudable an object. Order affirmed, with costs. All concur.