(40 Misc. Rep. 564.)

CALDWELL et al. v. LABAREE et al.

(Supreme Court, Special Term, New York County. May, 1903.)

1. DISCOVERY—EXAMINATION BEFORE TRIAL.

In an action by customers of stockbrokers to surcharge accounts rendered, on the ground that certain items were false and fraudulent, and that the pretended transactions set forth were fictitious, the moving papers alleging that the information cannot be obtained, except from the stockbrokers, plaintiffs are entitled to examine them before trial on the issue as to who were the buyers and sellers in the transactions alleged.

Action by Howard Caldwell and Warren E. Owens against Walter Labaree and James C. Peabody. Motion to vacate an order for the examination of defendants before trial. Denied.

Black, Olcott, Gruber & Bonynge (Abraham Gruber, of counsel), for motion.

Goldsborough, Villard & Warner (Henry W. Hardon and Harold G. Villard, of counsel), opposed.

GIEGERICH, J. The action is brought by customers against stockbrokers to surcharge accounts rendered; it being alleged that certain items are false and fraudulent, and that the pretended transactions so set forth are fictitious. The accounts rendered fail to show the names of the buyers or sellers with whom the defendants claim to have had the alleged transactions, and it is stated in the moving papers that the plaintiffs have no means of learning who such pretended buyers and sellers were, except by the examination of the defendants, and that such examination before trial is material and necessary. The motion to vacate the order is based upon the sole ground that it is not shown in the moving affidavits that it is necessary or important for the plaintiffs to have such examination before the trial, but that, on the contrary, for aught that appears, an ex-

amination at the trial will answer every purpose as well as would one in advance. In support of this contention, Williams v. Folsom, 54 Hun, 308, 7 N. Y. Supp. 568, Hay v. Zeiger, 50 App. Div. 462, 64 N. Y. Supp. 202, and Jenkins v. Putnam, 106 N. Y. 272, 12 N. E. 613, are relied upon. In none of those cases does it appear that there was any necessity for obtaining the information desired prior to the trial. In fact, the difference between those cases and cases like the present was pointed out in one of those authorities (Williams v. Folsom), where it was said:

"The cases of Miller v. Kent, 59 How. Prac. 321, Judah v. Lane, 12 N. Y. St. Rep. 131, Dyett v. Seymour (Sup.) 2 N. Y. Supp. 841, and Frothingham v. Broadway, etc., R. R., 9 Civ. Proc. R. 304, are entirely distinguishable from the application which was made for this order, for in each of them it was made to appear that a knowledge of facts which could only be obtained by the examination of the opposite parties was essential to enable the plaintiffs to proceed with the prosecution of the action. They were facts, too, of such a description as were required to be known before the trial itself, while here no necessity whatever exists or has been shown for obtaining the evidence of the defendants prior to the trial of the action." And also: "It nowhere appears that the proper prosecution of the plaintiffs' action will be in any manner dependent upon their ability to obtain the examination of the defendants before the trial itself shall actually take place."

In the present instance this does appear. The issue is whether or not the alleged purchases and sales took place. The plaintiffs have no means, except by examination of the defendants, of discovering with whom the latter will claim these alleged transactions were had; and, if this information is not afforded them until the day of the trial, it is obvious that they cannot be in any position to refute any statement the defendants may see fit to make. It might further be observed that two of the cases distinguished in Williams v. Folsom, supra, viz., Judah v. Lane, and Dyett v. Seymour, were, like this, actions by customers against stockbrokers for alleged false accounts of purchases and sales, and in both the examination before trial was permitted. Talbot v. Doran & Wright Co., 16 Daly, 174, 9 N. Y. Supp. 478, and Drake v. Weinman & Co., 12 Misc. Rep. 65, 33 N. Y. Supp. 177, were also cases of the same character, where the same ruling was made. The motion should be denied, with $10 costs.

Motion denied, with $10 costs.