(125 App. Div. 651.)

## DIEFENDORF v. FENN et al.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

1. DISCOVERY—UNDER STATUTORY PROVISIONS—EXAMINATION—ORDER.

Code Civ. Proc. § 870, provides for the examination of parties to an action, and section 871, for the examination of persons not parties. Section 872 prescribes the facts which must be presented by affidavit to get an order for examination of a party and a person not a party. *Held*, that the examination of parties and those not parties should not be mixed in the same order.

2. SAME—TIME OF TAKING.

An examination of a party, asked for as being material and necessary at the trial, may not be ordered until after issue has been joined.

3. SAME—GROUNDS FOR EXAMINATION.

An examination may not be had on the ground that the testimony is necessary for the purpose of "preparing for" trial.

4. SAME—DISCOVERY OF FACTS NECESSARY FOR PLEADING.

An examination to enable plaintiff to frame an unnecessary allegation will not be allowed.

Appeal from Special Term, Kings County.

Action by Julia Diefendorf against Albert O. Fenn and others. Cross-appeals from an order granting a motion to vacate an order for the examination of defendants and certain others, and denying a motion to vacate as to one of the defendants. Modified and affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Elbridge L. Adams (Walter Shaw Brewster, on the brief), for plaintiff.

Walter S. Hubbell, for defendants Fenn, Finucane, Eastman, and Strong.

P. M. French, for defendants Sibley and Watson.

GAYNOR, J. The order was for the taking of the deposition of each of the defendants and of several others who are not defendants. It was vacated as to every one excepting the defendant Fenn on the affidavit of the plaintiff on which it was obtained.

1. As the right to take the deposition of parties, and that to take the deposition of persons who are not parties, depends on different facts, their examinations should not be mixed up in the same order. Section 870 of the Code of Civil Procedure provides for the examination of parties; section 871 for the examination of persons who are not parties; and then section 872 prescribes the facts which have to be presented by affidavit to get the order of examination of a party, and those which have to be so presented to get the order for the examination of persons who are not parties. There are certain facts common to both cases, and other facts which are not, but applicable to only one case or the other.

2. The order was obtained after the service of the summons, but before the complaint was served. The affidavit on which it was obtained states that the testimony of the defendants and all of the others. named "is material and necessary for the prosecution of this action,"

and later that the information sought is "for the purpose of not only framing her complaint, but of preparing her case for trial and of prosecuting her action." Nor may these things be mixed up; they depend on different facts and conditions. When the taking of a deposition of a party is only on the ground that it is material and necessary on the trial, it is not permitted until after issue has been joined. It would be difficult, and sometimes impossible, to restrict such an examination to the issues until such issues have been joined, and there being no reason to take it before it may not be. Hutchinson v. Simpson, 73 App. Div. 520, 77 N. Y. Supp. 197. Testimony may be taken for perpetuation in the case of old, sick or infirm persons, or of persons about to leave the state, under the more lenient rules and conditions prescribed by the said sections of the Code; but such a case is not here.

3. The ground that the testimony is necessary for the purpose of preparing for trial does not exist. That is a loose phrase now and then used inadvertently. There is no provision of law for the examination of parties or witnesses on any such ground.

4. Nor does the statute provide for the taking of depositions to enable a party to frame his pleading, but that is nevertheless allowed in a case of necessity for it. Glenney v. Stedwell, 64 N. Y. 120. If it be apparent that the party is able to frame his pleading without such an examination, he should not be allowed to have it; and that a pleading may be on information and belief, or not verified, should be considered. Waitzfelder v. Moses Sons & Co., 120 App. Div. 144, 104 N. Y. Supp. 796. Such examinations are vexatious when unnecessary. The present action is one for damages for deceit by false statements in respect of bonds sold to the plaintiff. This calls for a lean common law complaint, i. e., that the representations were made, that they were false, that the defendants knew them to be false, that they were made to deceive, and did deceive. The learned counsel for the plaintiff wants to allege in his complaint not only that the representations were false, but also that, on the contrary, the truth is this and that. This latter would be an unnecessary allegation, and therefore an examination to frame it should not be allowed.

The order should be affirmed, except in so far as it denies the motion in respect of the defendant Fenn, and in that respect it should be reversed and the motion granted.

Order modified by granting the motion in respect to the defendant Fenn, and, as so modified, affirmed. without costs. All concur.