---

### In re LA GRAVE.

(Supreme Court, Appellate Division, Second Department. April 30, 1909.)

DISCOVERY (§ 37*)—STATUTORY PROVISIONS—DISCOVERY OF EVIDENCE.

> Under Code Civ. Proc. § 870, authorizing the taking of the deposition of a person against whom an action is about to be brought, at the instance of a prospective plaintiff, for the purpose of framing his complaint, such deposition cannot be taken where the moving papers show that he is fully advised as to all the facts necessary to enable him to frame his complaint.

> [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 50; Dec. Dig. § 37.*]

Appeal from Special Term, Kings County.

Sophie Marchais La Grave applies for an order to examine Frank J. Herbert and others, expected parties to an action about to be brought. From an order vacating an order directing John F. Hylan to appear and be examined, an appeal is taken by the petitioner. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Irving L. Ernst, for appellant.
James S. Thompson, for respondent.

BURR, J. This is an appeal from an order vacating and setting aside an order which directed the respondent, John F. Hylan, to appear and be examined concerning matters involved in an action about to be brought by Sophie Marchais La Grave against the said John F. Hylan and others. The deposition of a person against whom an action is about to be brought may be obtained at the instance of the person intending to bring such action for the purpose of framing the complaint therein. Code Civ. Proc. § 870; Merchants' Nat. Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333. The deposition of a party to an action which is already pending may also be obtained, where the testimony of such person is material and necessary for the party making such application to enable him to prosecute or defend the same. Code Civ. Proc. §§ 870, 872.

Of necessity an application made by a party expecting to bring an action to examine the person against whom such action is to be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

brought can only be material and necessary in order to enable the party in whose behalf such testimony is sought to be taken to frame his complaint. Until after answer interposed it would be impossible to determine what the issues in the action were which were to be tried, or that there would ever be any issues. Diefendorf v. Fenn, 125 App. Div. 651, 110 N. Y. Supp. 68. If it appears from the moving papers that the person who expects to begin the action is fully advised as to all the facts necessary to enable the framing of a complaint, then such examination should not be allowed. All of the facts upon which the intended action is to be based are stated by the appellant in her affidavit, not upon information and belief, but as being upon her actual present knowledge. Whether the facts so stated, if framed as a complaint, would be sufficient to constitute a cause of action, we need not now determine. It clearly appears that the appellant seeks, not additional facts of which she is now ignorant, but evidence in support of facts which she claims are sufficient to enable her to maintain her suit. The evidence of the particular acts which each of the defendants did in connection with the wrong alleged to have been done to her would be improperly included in her complaint.

It is claimed that upon an application based upon a precisely similar affidavit an order had been obtained for the examination of one Francis P. Bent, another of those against whom it was intended to bring such action, and that an order denying a motion to vacate such order of examination had been affirmed by this court. In the Matter of La Grave (Francis P. Bent, Appellant), 124 App. Div. 912, 108 N. Y. Supp. 323. An examination of the appeal record in the Law Library seems to sustain that contention. That case, however, seems to have been affirmed without opinion, and the point now presented seems not to have been considered. If an error was made in the decision of that case, it is better that we should now correct it, than seem to perpetuate a rule permitting the examination of a party against whom an action is to be brought by the person intending to bring the same for the purpose of framing a complaint, when the affidavit upon which such order is based, if reframed in the form of a pleading, would contain all that the plaintiff claims as the foundation of an action.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.