THOMPSON v. HAIGH et al.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

1. DISCOVERY (§ 37*)—OF FACTS NECESSARY FOR PLEADING.

A motion for an examination of defendant before issue joined will be denied, where the moving papers show that plaintiff already has knowledge of sufficient facts on which the intended action is based to enable him to frame a complaint.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 50; Dec. Dig. § 37.*]

2. DISCOVERY (§ 37*)—OF FACTS NECESSARY FOR PLEADING.

Plaintiff's affidavit to secure an order for the examination of defendants showed that he advanced money to the T. Co., of which defendants were officers, taking the company's note therefor; that the company transferred all of its assets to the G. Co., which company, defendants represented, assumed payment of the note, for which reason plaintiff forbore to enforce payment; that the G. Co. did not assume such payment, and that it became bankrupt; that when plaintiff made the advances to the T. Co. defendants assured him that it would use in its business only the B. process, but that afterwards defendants and other officers of the two companies abandoned such process and used another, and that the bankruptcy of the G. Co. followed; that among the assets of the T. Co. was a process known as the M. process; and that defendants have acquired and now hold and claim to own the same, in violation of their agreement with plaintiff, and in fraud of his rights as a creditor of the T. Co. *Held* that, if defendants' representation that plaintiffs should not be jeopardized by delay in collecting the note, and that the G. Co. had assumed payment thereof, made defendants liable to him, it was not important, so far as the framing of a complaint was concerned, for him to state why the note was not assumed; that, if defendants' assurances that the T. Co. would use only the B. process and the substitution thereafter of another process made defendants liable, the reason for such substitution was not important to the pleading, and as to such matters plaintiff was not entitled to an examination of defendants; but that since, because of the fact that defendants were officers of the T. Co., and because of their representations to plaintiff, they owed him a duty not to fraudulently acquire for their own benefit assets of the company which would otherwise have been applicable to the payment of his claim, he was entitled to an examination of defendants concerning the disposition of such assets, including the M. process, and defendants' acquisition thereof.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 50; Dec. Dig. § 37.*]

Appeal from Special Term, Kings County.

Action by Robert H. Thompson against Henry B. Haigh and another. From an order for the examination of defendants, they appeal. Modified, and, as modified, affirmed.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

William H. Harding, Jr., for appellants.
John J. Crawford, for respondent.

BURR, J. A motion for an examination of the defendant in an action before issue joined will be denied, when the moving papers show that the plaintiff already has knowledge of sufficient facts upon which the intended action is based to enable him to frame a complaint. Matter of La Grave, 132 App. Div. 108, 116 N. Y. Supp. 465; Diefendorf v. Fenn, 125 App. Div. 651, 110 N. Y. Supp. 68.

The affidavit upon which the order for examination was granted shows that the plaintiff asserts a claim against the defendants for $15,-000, which he advanced to the Telluride Reduction Company, for which on the 1st day of February, 1904, he accepted the promissory note of the said company, payable three months from date; that thereafter the Telluride Reduction Company transferred all of its assets to the General Metals Company; that at that time the defendants represented to him that the General Metals Company had assumed the payment of his note for which reason he forebore to enforce payment thereof; that the General Metals Company had not in fact assumed payment of said note, and have since gone into bankruptcy; that at the time he made his advances to the Telluride Reduction Company the defendants assured him that the said company would use in its business only the Bromine process, but that afterwards the defendants and other officers of the said two companies abandoned the use of that process and used another process, and that the bankruptcy of the General Metals Company followed; that among the assets of the Telluride Reduction Company was a process, known as the Moore process, for recovering gold from cyanide solutions; and that the defendants have acquired and now hold and claim to own to their own use such process, in violation of their agreement with the plaintiff, and in fraud of his rights as a creditor of the Telluride Reduction Company. The plaintiff asserts that, to properly frame his complaint, it will be necessary to have a discovery, first, of the facts concerning the disposition of the assets of the companies above mentioned; second, of the manner by which the assets of the Telluride Reduction Company were acquired by the General Metals Company without assuming liability for plaintiff's note; and, third, concerning the mode by which the Moore process was acquired by the defendants.

The order requires them to be examined concerning the disposition of the assets of the Telluride Reduction Company and the General Metals Company, and the acts of the defendants with respect thereto, and concerning the acts of the defendants in substituting another process than the Bromine process in the business of the above-mentioned company. Plaintiff's grievance in this case is, not that the assets of the Telluride Reduction Company were transferred to the General Metals

Company, but that in connection with that transfer the General Metals Company was not required to assume payment of his note. If the representation of the defendants that he should not be jeopardized by delay in collection of such note, and that the General Metals Company had assumed payment thereof, makes them liable to him, it is not important, so far as framing a complaint is concerned, for him to state how it came about that the note was not assumed. If the assurances of the defendants that the Telluride Reduction Company would use in its business only the Bromine process, and that afterwards the substitution of another process and the abandonment of the use of that made the defendants liable to the plaintiff, the reason for such substitution is not of importance, so far as the pleading is concerned. But as to the disposition of the assets of the Telluride Reduction Company a different situation presents itself. By reason of the fact that they were officers of the Telluride Reduction Company, and because of their representations to him, they owed him a duty not to fraudulently acquire for their own benefit and to his prejudice assets of his debtor which would otherwise have been applicable to the payment of his claim. The time and manner of such acquisition, the consideration for it, and other facts connected therewith, it is necessary that the plaintiff should know, before he can intelligently frame a complaint based upon such alleged wrong.

The order for the examination of the defendants should therefore be modified, so as to require them to submit to examination concerning the disposition by the Telluride Reduction Company of the process known as the Moore process, and the acquisition of the same by the defendants; and, as so modified, the order should be affirmed, without costs. All concur.