COHN v. HUBERT.

(Supreme Court, Appellate Division, First Department. November 18, 1910.)

DISCOVERY (§ 37*)—EXAMINATION OF PARTY BEFORE COMPLAINT.

A plaintiff will not be granted an examination of a defendant, to enable him, in framing his complaint, to make an estimate of the damage sustained by him.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 50; Dec. Dig. § 37.*]

Appeal from Special Term, New York County.

Action by Caspar Leopold Cohn against Conrad Hubert. From an order denying a motion to vacate an order for the examination of the defendant before trial, to enable the plaintiff to frame a complaint, defendant appeals. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

George Hahn, for appellant.

J. Noble Hays (Edwin Vandewater, of counsel), for respondent.

CLARKE, J. The affidavit upon which the order for the examination of the defendant was obtained avers that this action is brought for the breach of a contract of employment; that on or about October 5, 1909, the defendant employed deponent as sales manager, and entered into an agreement, the terms of which are contained in a certain letter from the defendant, accepted by the plaintiff, and set up in extenso in the affidavit; that deponent entered upon the said service, and continued therein until on or about the 31st of December 1909, when defendant broke the said contract, and without right or cause discharged deponent from his said employment, by reason of which plaintiff has been deprived of the benefit of said contract and the means of earning his living.

In brief, the plaintiff in his affidavit sets up every essential element of the cause of action, the contract of employment, commencement and continuance of service thereunder, and an unwarrantable breach thereof by the defendant; and he states that it is necessary for him to have the examination prayed, in order properly to frame a complaint herein and make an estimate or approximation of the damages sustained by deponent by reason of the said breach. We said in Brick v. Shaff, 128 App. Div. 264, 112 N. Y. Supp. 642:

"We have uniformly refused an examination before complaint merely to enable the plaintiff to allege the exact amount due him, and we see no reason for departing from the rule in this case."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The order appealed from should be reversed, with $10 costs and disbursements to the appellant, and the motion to vacate granted, with $10 costs. All concur.