## JACOBSEN, WRIGHT & BOGEN v. ARNSTAEDT & CO.

### (Supreme Court, Appellate Term. May 18, 1911.)

DISCOVERY (§ 36*)—EXAMINATION BEFORE TRIAL—GROUNDS.

   The right to examine before trial a witness other than a party, under Code Civ. Proc. § 872, subd. 5, in the absence of any allegation that such person is about to depart from the state, or is so sick or infirm as to offer reasonable ground to believe that he will not be able to attend the trial, depends on proof of other special circumstances making the presence of the witness at the trial doubtful, and an allegation that the testimony is necessary to prepare for trial, accompanied by an averment as to the difficulty of securing the presence of the witness, is not sufficient.

   [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

Appeal from City Court of New York, Special Term.

Action by Jacobsen, Wright & Bogen against Arnstaedt & Co. From an order denying a motion to vacate an order for the examination of a witness as a third party, before trial, defendant appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Rosen & Phillips (Michael Schaap, of counsel), for appellant.

Stern, Singer & Barr (Eliphalet W. Tyler, of counsel), for respondent.

GUY, J. Defendant appeals from an order denying defendant's motion to vacate an ex parte order directing that one Jacoby, an employé of defendant, and general manager of defendant's dress goods department, be examined as a third party before trial. The complaint alleges

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an agreement between the plaintiff corporation and defendant corporation, whereby plaintiff agreed to sell certain merchandise for defendant, and defendant agreed to pay plaintiff a commission of 3½ per cent. on all orders procured by plaintiff and accepted by defendant; that plaintiff procured certain orders upon which payments were made; and demands judgment for the balance of said commissions alleged to be due. The answer denies all the allegations of the complaint, except that the plaintiff and defendant were corporations, and that $285 was paid.

The affidavit of the president of the plaintiff corporation, which forms part of the moving papers, alleges that the contract in question was a verbal contract, and was made by plaintiff with Jacoby and one of the directors of the defendant company, who is now dead, and that Jacoby was duly authorized to make said contract, and further sets forth certain representations made by Jacoby and certain alleged transactions with Jacoby following the making of the contract; also that the testimony of Jacoby is material and necessary for the plaintiff in the prosecution of this action, and, as special circumstances furnishing ground for the granting of the motion, the affidavit further states:

"That, owing to the interest of the defendant in preventing plaintiff from obtaining this evidence, they might arrange to make it impossible for plaintiff to subpoena said Jacoby; that when said Jacoby was served with an order hereinafter referred to for his examination, considerable difficulty was experienced in securing service upon him; and that, moreover, unless such subpoena could be served five days in advance of the trial, said Jacoby mi .ht claim that he was not obliged to produce certain books of account in which the information might be given under five days' notice."

It seems to be well established that the right to examine a witness other than a party under subdivision 5 of section 872 of the Code of Civil Procedure, in the absence of any allegation that the person to be examined is about to depart from the state, or is so sick or infirm as to offer reasonable ground to believe that he will not be able to attend the trial, depends upon proof of "other special circumstances," such as will make the presence of the witness at the trial doubtful and uncertain. See Town of Hancock v. First National Bank, 93 N. Y. 82–86. The allegation that the testimony is necessary for the purpose of preparing for trial is not sufficient. See Diefendorf v. Fenn, 125 App. Div. 653, 110 N. Y. Supp. 68. The cases cited, where this rule has been departed from, are cases where the plaintiff has been ordered by the court to furnish a bill of particulars, and the examination of the witness is necessary to obtain the information to be included therein. I am of the opinion that the moving papers herein fail to set forth facts sufficient to come within the provisions of section 872 of the Code of Civil Procedure.

The order should therefore be reversed, with $10 costs and disbursements. All concur.