In re SLOBODER.

(Supreme Court, Special Term, New York County.   August 2, 1911.)

DISCOVERY (§ 38*)—STATUTORY PROVISIONS—DISCOVERY OF EVIDENCE.

    Where an affidavit, requesting an order for a preliminary examination of one not a party to the action, alleged that the action was to impress upon certain premises a third mortgage, and that the party sought to be examined was the mortgagor, who had conspired with the first mortgagee to have him foreclose and thus bar plaintiff's mortgage, and that the order was requested so as to perpetuate defendant's testimony, plaintiff was not entitled to discovery, for such an examination may be had only for the purpose of framing a complaint, and here plaintiff was familiar with the facts.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

In the matter of the application of Isaac Sloboder for the examination of Samuel Karger, who is expected to be made a party defendant. On motion to vacate an order for the examination.   Motion granted.

Max Silverstein, for the application.
Joseph Wilkenfeld, opposed.

GIEGERICH, J.   While it is held in the case of Merchants' National Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333, that the court has jurisdiction to grant an examination of a person before action brought upon the application of one who is about to bring an action against him, it is said in the same case that it would rarely happen that the granting of such an order would promote justice.   No sufficient reason is shown in the present case why the privilege of such an examination should be granted before an action is commenced.

According to the affidavit of the applicant, upon which the order for the examination of Samuel Karger was granted, the action to be brought is one to impress upon certain premises a third mortgage in the sum of $10,000 which heretofore existed thereon.   The affidavit then goes on to allege that he is the owner of a third mortgage upon said premises in the principal sum of $10,000; that the conditions of such mortgage were not complied with by Karger, who was then the owner of the fee in said premises, whereupon the applicant commenced an action to foreclose such mortgage; that before such foreclosure action could result in judgment, through the agency of Karger, an action was instituted to foreclose a prior mortgage by reason of the alleged failure to pay the interest and an installment pursuant to the terms thereof, which action resulted in a judgment of foreclosure and sale; and that the sale of the premises resulted in a deficiency and that the applicant's mortgage was "completely wiped out."   The affidavit in question further alleges that:

"Deponent has since discovered that the persons named herein, and who are to be made parties defendant to the action about to be instituted, had agreed amongst themselves that they would have an action instituted on said prior mortgage, and would, in the complaint in said action, represent to the court on the foreclosure of said prior mortgage that the interest and installments mentioned in said mortgage had not been paid, when in truth

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and fact same had been paid by the said Karger and received by the mortgagee and her agent and there was nothing due on said mortgage to the said mortgagee or that would have authorized an action to foreclose the said mortgage, but by concealing these payments the same would proceed to judgment and wipe out this deponent's mortgage and procure a sale under a judgment of foreclosure on said prior mortgage. The said mortgagor and all the parties named herein as expected defendants thus mutually agreed to and did aid the said Samuel Karger in wiping out the deponent's mortgage, and this court was thus imposed upon, and the testimony given in the said action and upon which the decree of foreclosure and sale of the prior mortgage was based your deponent charges as being perjurious and in all things untrue, and that this court was deceived as aforesaid and granted said foreclosure at the instigation of the parties herein. Through the aid of said decree the interest of the deponent was wiped out in said premises."

It is further alleged in the said affidavit and recited in the order that the purpose of the examination of Samuel Karger, who is expected to be made a defendant in such action, is to perpetuate his testimony.

It was held in the recent case of Matter of La Grave, 132 App. Div. 108, 116 N. Y. Supp. 465, that the deposition of a person against whom an action is about to be brought may be had only for the purpose of framing the complaint. Applying the principle of the decision of that case to the present one, it must be held that the examination cannot be had for the purpose intended. Moreover, since it clearly appears that the applicant is fully acquainted with all the facts of the intended action, the examination cannot be had. Matter of La Grave, supra. In the case just cited, it was further held that a motion for the examination of a person against whom an action is about to be brought will be denied, where the moving papers show that the plaintiff already has knowledge of all the facts upon which the intended action is to be based.

Motion to vacate said order for the examination of the said Samuel Karger granted, with $10 costs.