### LOUGHLIN v. WOCKER et al.

(Supreme Court, Appellate Division, Second Department. October 13, 1911.)

DISCOVERY (§ 37*)—EXAMINATION OF PARTIES—DISCOVERY OF FACTS NECESSARY FOR PLEADING.

The complaint in an action for an accounting alleged specifically that in August, 1905, there was in defendant's hands certain money, which he neglected to turn over to his successor in office, or to account for, and that on various dates between August, 1905, and January, 1906, he improperly disbursed certain funds of the plaintiff; and defendant's papers, moving for an order for plaintiff's examination before trial, alleged that, while defendant did not know whether he paid out the specific sums mentioned in the complaint, he knew that he never paid out any money of the plaintiff except legally, and that, while he did not know the amount in his hands in August, 1905, he knew that he turned over all the money belonging to the plaintiff which he then had in his hands, and that while he was treasurer all money received by him belonging to plaintiff was deposited to the plaintiff's account, and nothing was drawn therefrom except as ordered by plaintiff. Held, that the allegations of the moving papers showed that defendant already had sufficient knowledge to enable him to plead, and hence that an examination of the plaintiff before trial would be denied.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 37.*]

Appeal from Queens County Court.

Action by Robert Loughlin, as treasurer of the Point Pleasant Hook and Ladder Company No. 1 of Jamaica South, against Philip F. Wocker, impleaded with another. From an order of the County Court of Queens county, requiring plaintiff to appear for examination before

trial, and from an order of the Special Term denying an application to vacate such order, and requiring plaintiff to be examined, plaintiff appeals. Orders reversed, and motion to set aside order for examination granted.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

James E. Smyth, for appellant.
Winne & Frey, for respondent.

BURR, J. The complaint in this action alleges that between February 27, 1903, and July 6, 1907, defendant Wocker was the treasurer of the Point Pleasant Hook and Ladder Company, a corporation, and that, although requested "to account for his conduct in the management of the disposition of the funds and property of said company," he has refused to do so. The relief sought is an accounting and the payment of any sum which may be found due. The complaint also contains specific allegations to the effect that on August 31, 1905, there was in said defendant's hands the sum of $684.81, which he neglected to turn over to his successor in office or to account for, and that on various specified occasions between August 7, 1905, and January 22, 1906, he improperly disbursed the funds of said corporation. The amounts which it is claimed he thus disbursed are also specified. After service of the summons and complaint, and before issue joined, the county judge of Queens county, at the instance of said defendant, granted an order requiring plaintiff to appear and be examined before trial. Upon the return of this order before a justice of this court sitting at Special Term an application was made to vacate the same upon the ground that it was improperly granted. From an order denying such application, and from the order requiring plaintiff to be examined, this appeal is taken.

A motion to examine a party to an action before issue joined, for the purpose of framing a pleading, will be denied when the moving papers show that the party seeking the examination already has sufficient knowledge to enable him to plead. Thompson v. Haigh, 134 App. Div. 614, 119 N. Y. Supp. 331; Matter of La Grave, 132 App. Div. 108, 116 N. Y. Supp. 465; Diefendorf v. Fenn, 125 App. Div. 651, 110 N. Y. Supp. 68; Waitzfelder v. Moses Sons & Co., 120 App. Div. 144, 104 N. Y. Supp. 796. Defendant Wocker in his moving papers states that, while he does not know whether he paid out the specific sums mentioned in the complaint, "he does know that he never paid out any moneys of said company except legally and with proper authority"; that, while he does not know the amount which was in his hands on the 31st day of August, 1905, he does know that "he turned over to his successors in office all the moneys belonging to said company which he had in his hands." And again he states "that while he was treasurer of said company all moneys received by him belonging to the said company was deposited in the company's account and nothing was drawn therefrom, except as duly ordered and authorized by the said company"; and again that "he is positive that he never paid out any moneys, except when duly ordered and authorized to do

so by the said company." This is sufficient to enable him to answer. Waitzfelder v. Moses Sons & Co., supra. It may be that after issue joined said defendant may be entitled to an inspection of the books and papers of the Point Pleasant Hook and Ladder Company in the possession or under the control of plaintiff, for the purpose of preparing his defense. Code of Civil Procedure, § 803. This is not such an application.

The orders appealed from should be reversed, with $10 costs and disbursements, and the motion to set aside the order for examination granted, with $10 costs. All concur.

