SOTHMAN et al. v. WARD et al.   (No. 7497.)

(Supreme Court, Appellate Division, First Department.   July 9, 1915.)

DISCOVERY ⬧=37—EXAMINATION OF PARTIES.

    A motion for the examination of plaintiffs before trial to enable defendants to intelligently frame an answer will be denied, where the defendants' affidavits used upon the motion showed that defendants had sufficient information to enable them to intelligently frame an answer.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 50; Dec. Dig. ⬧=37.]

Appeal from Special Term, New York County.

Action by Peter W. Sothman and another against Henry M. Ward and the Standard Gas Power Company, impleaded with another. From an order denying a motion to vacate an order for the examination of plaintiffs before answer, plaintiffs appeal.   Order reversed, and motion granted.

See, also, 152 N. Y. S. 1144.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

M. L. Heide, of New York City, for appellants.

Joseph W. Welsh, of New York City, for respondents.

McLAUGHLIN, J.   The respondents obtained an order for the examination of the appellants for the purpose of enabling them to interpose an answer.   The appeal is from an order denying a motion to vacate such order.

The complaint alleges that between April 1, 1913, and August 31, 1914, the plaintiffs rendered services to the defendants, at their request, of the reasonable value of, and for which defendants promised to pay plaintiffs, $22,342.53, and that plaintiffs also incurred disbursements for defendants, at their request, amounting to $2,007.24.   Judgment is demanded for those amounts, less the sum of $4,525.97, alleged to have been paid thereon.

Prior to the motion which resulted in the order appealed from, a motion was made to make the complaint more definite and certain in 25 different particulars, including those concerning which defendants now seek to examine the plaintiffs.   That motion was denied at Special Term, except as to 4 of the particulars asked, and on appeal to this court the motion was also denied as to those.   The defendants now assert that, without the information sought to be obtained by the examination of the plaintiffs, it will be impossible for them to avail themselves of certain defenses enumerated in their moving papers.   These alleged defenses are that causes of action have been improperly united, the statute of frauds, more than one cause of action is being sued on, misjoinder of causes of action, another action pending against defendant Ward, and counterclaims which might be interposed if the complaint alleged a joint and several obligation on the part of the defendants.

Without discussing in detail the affidavits of the defendants used upon the motion, it is sufficient to say they clearly show the defendants

have all the information necessary to enable them to interpose an answer. The case, then, is brought within the general rule, which is that a motion of this character will be denied when it can be seen that the defendant has sufficient information to enable him to intelligently frame an answer. Loughlin v. Wocker, 146 App. Div. 434, 131 N. Y. Supp. 176; Diefendorf v. Fenn, 125 App. Div. 651, 110 N. Y. Supp. 68. The most casual consideration of the affidavits cannot fail to satisfy one that the respondents have sufficient information to enable them to interpose any or all of the suggested defenses, and they are not, therefor, entitled to examine plaintiffs in advance of answering.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. Order filed. All concur.