## HILLIS v. FERGUSON.

(Supreme Court, Special Term, Kings County.   October 27, 1915.)

DISCOVERY ⬤➡36, 38—EXAMINATION OF DEFENDANT—RIGHT TO EXAMINATION BEFORE COMPLAINT.

While plaintiff will be permitted to examine defendant before complaint served, in case such examination is necessary to frame the complaint, and such examinations are granted with some liberality in case of

default of a fiduciary, such an examination will not be allowed to enable plaintiff, who demanded an accounting, to ascertain whether he had a cause of action, or to obtain evidence.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 49, 51; Dec. Dig. ☞36, 38.]

Action by Newell Dwight Hillis against Frank L. Ferguson. Defendant moves to vacate an order for his examination before complaint served. Motion granted.

R. W. Kellogg, of Jamaica (Franklin P. Ferguson, of New York City, on the brief), for the motion.

Rockwood & Haldane, of New York City (Nash Rockwood and Charles T. Lark, both of New York City, of counsel), opposed.

KELLY, J. The defendant moves to vacate an order for his examination before complaint served, upon the ground that the affidavit upon which the order was granted fails to show that such examination is necessary to enable plaintiff to frame his complaint. It is true, as claimed by the learned counsel for the plaintiff, that examinations before trial are granted with much more liberality than in former years, and particularly in cases where the plaintiff alleges a default on the part of defendant in the performance of duties of a fiduciary nature. But it is elementary that such examinations are never granted to enable a plaintiff to ascertain whether he has a cause of action, and are always refused when it appears from the moving affidavit that plaintiff has in hand the necessary information to enable him to draw his complaint. Thompson v. Haigh, 134 App. Div. 614, 119 N. Y. Supp. 331 (Burr, J., 2d Dept.). The examination to enable a plaintiff to frame his complaint is allowed in a case of necessity (Glenney v. Stedwell, 64 N. Y. 120), but not where it is apparent that the party is able to frame his pleading without such examination (Diefendorf v. Fenn, 125 App. Div. 651, 110 N. Y. Supp. 68); and Judge Gaynor, writing for the Appellate Division, says:

"It would be difficult, and sometimes impossible, to restrict such an examination to the issues until such issues have been joined. * * * Such examinations are vexatious when unnecessary."

While I think the plaintiff's affidavit in paragraphs 6, 7, 8, and 9 contain all the necessary facts to enable him to frame a complaint against the defendant for an accounting, and to recover moneys in defendant's hands said to belong to plaintiff, the situation is confused by what appears to be the wholly unnecessary averment, in paragraph 14, that the plaintiff does not know whether his complaint "should be framed for replevin, conversion, or for an accounting in equity or for specific performance, or to pursue trust frauds into the hands of the third parties or for some other form of relief." I do not understand that the examinations before trial are provided for the purpose of advising plaintiffs on such matters. Burritt v. Koster, Bial & Co., 7 Misc. Rep. 75, 27 N. Y. Supp. 353; Britton v. McDonald, 3 Misc. Rep. 514, 23 N. Y. Supp. 350; Nathan v. Whitehill, 67 Hun, 398, 22 N. Y. Supp. 63; Matter of Sloboder, 74 Misc. Rep. 198, 131 N. Y. Supp. 1003; Cohn v. Hubert, 140 App. Div. 507, 125 N. Y. Supp.

834; Matter of Moto Bloc Co., 140 App. Div. 536, 125 N. Y. Supp. 430, and cases cited; Merchants' Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333; Jenkins v. Putnam, 106 N. Y. 272, 12 N. E. 613.

In an action for accounting, most, if not all, of the matters set forth in plaintiff's affidavit would be legitimate subjects of inquiry by examination before trial or for discovery of books and papers after issue joined, in case there was any dispute about them, upon affidavits showing in due legal form the statutory requirements; but in the present state of the litigation, on the affidavit upon which the order was granted, the application is in my opinion premature. As held by the Appellate Division in this department (In re La Grave, 132 App. Div. 108, 116 N. Y. Supp. 465), it clearly appears that the plaintiff seeks no additional facts of which he is ignorant, but evidence in support of facts known to him and which are sufficient to enable him to frame his pleading.

The motion to vacate the order will therefore be granted, without costs, and without prejudice to a renewal of such application after issue joined.

Settle order upon notice.