## HIGGINS v. NEW YORK DOCK CO.

(Supreme Court, Appellate Division, Second Department. April 22, 1910.)

1. DISCOVERY (§ 36*)—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL.

An examination of plaintiff by defendant before trial to obtain the items and details of the damages claimed by plaintiff for the maintenance of a nuisance interfering peculiarly with his business is not permissible.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

2. DISCOVERY (§ 55*)—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL.

An allegation in a moving affidavit for the examination of the adverse party before trial that the deposition is material and necessary offers no ground for relief, in the absence of any facts indicating that there is reason for the averment.

[Ed. Note—For other cases, see Discovery, Cent. Dig. §§ 68–70; Dec. Dig. § 55.*]

Appeal from Special Term, Kings County.

Action by George A. Higgins against the New York Dock Company. From an order denying a motion to vacate an order for the examination of plaintiff before trial, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Joseph F. Conran, for appellant.

Charles E. Hotchkiss (W. MacFarland Lord, on the brief), for respondent.

JENKS, J. This action is to enjoin the defendant from working a private railroad on certain highways in the borough of Brooklyn, on the ground that it is a nuisance, and that it interferes peculiarly with the plaintiff's business. The moving affidavits are two—of the treasurer of the defendant and of its attorney. The treasurer deposes that defendant desires to examine the plaintiff "as to his business, and as to the damage which he alleges he has suffered by reason of the acts of the defendant, and as to the manner in which he will be irreparably injured if he is not granted the relief which he asks for in the amended complaint." The attorney only deposes that he verily believes, and has advised the defendant, "that, in order to properly defend this action, the deposition of the plaintiff before trial is material and necessary." The plaintiff sets forth in his complaint what his business had been, what business he proposes to carry on, and what the nature of the damages to his business was, and what the threatened damage to his business is, but he does not seek to recover compensation.

If the purpose of the examination is to procure the items and details of such damages, the examination should have been refused, as it is not incumbent on the defendant to establish the items of the plaintiff's damage. Hartog & Beinhauer C. Co. v. Richmond Cedar Works, 124 App. Div. 627, 109 N. Y. Supp. 113; Sperry & Hutchinson Co. v. O'Neill-Adams Co., 135 App. Div. 285, 120 N. Y. Supp. 362. The allegation that the deposition before trial is material and necessary

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

122 N.Y.S.—30

affords no ground for the relief in the absence of any facts that indicate that there is reason for that statement. Naab v. Stewart, 32 App. Div. 478, 52 N. Y. Supp. 1094; Nichols' New York Practice, p. 1797 et seq.

The order must be reversed, with $10 costs and disbursements, and the motion granted, with costs. All concur.