---

(163 App. Div. 125)

## In re KUNTZ'S WILL.

(Supreme Court, Appellate Division, Second Department.   June 26, 1914.)

1. WILLS (§ 198*)—REVOCATION—DESTRUCTION OF REVOKING WILL—EFFECT.
   Where a second will, expressly revoking the first, was validly executed, its subsequent destruction did not revive the first, unless by the terms of such revocation it appeared that it was testator's intention to revive the first will, or unless after such destruction he duly republished the original will, as provided by Decedent Estate Law (Laws 1909, c. 18; Consol. Laws, c. 13) § 41.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 496, 497; Dec. Dig. § 198.*]

2. WILLS (§ 198*)—REVOCATION—DESTRUCTION OF REVOKING WILL—"TERMS OF REVOCATION."
   Decedent Estate Law (Laws 1909, c. 18; Consol. Laws, c. 13) § 41, provides that, though a testator destroys and revokes a subsequent will, such act will not revive the prior will, unless it appears by the terms of such revocation that it was his intention so to do, etc. *Held*, that the words "terms of such revocation" contemplated revocation in writing.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 496, 497; Dec. Dig. § 198.*]

3. WILLS (§ 200*)—REVOCATION—DESTRUCTION OF REVOKING WILL—REPUBLICATION.
   Republication of a former will, on the destruction of a subsequently executed revoking one, in order to give effect to the original will, must

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

be in the presence of those who witnessed the original will in the same manner as required for original publication; and hence a statement of the testator, after destroying a revoking will, in the presence of only one of the subscribing witnesses of the original will, that that was the one that she wanted, was insufficient.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 499; Dec. Dig. § 200.*]

Appeal from Surrogate's Court, Kings County.

Judicial settlement of the estate of Maria Eva Kuntz, deceased. From a decree admitting to probate the alleged will of testatrix, executed July 17, 1912, on petition of Elizabeth Kille, John P. Kuntz and others appeal. Reversed, with directions.

Argued before BURR, CARR, RICH, STAPLETON, and PUTNAM, JJ.

Jonathan Deyo, of New York City, for appellants.
Louis J. Halbert, of Brooklyn, for respondent.

PUTNAM, J. On July 17, 1912, the decedent made a will, properly attested before three witnesses, Andrew Stocker, Marie Mittermeier, and George M. Schinzel; Mr. Schinzel being the attorney who drew the will. By this will the daughter Elizabeth was specially named as legatee. Apparently difficulties over a certain savings bank deposit arose between Elizabeth and the decedent, which came to a suit. On April 22, 1913, the decedent executed a second will, drawn by Mr. Nicholas Dietz, with the usual revoking clause, which left the property to her other children, with an explanation that she had not provided for Elizabeth, because she was withholding moneys and had been unfilial and disrespectful. This difficulty about money in the savings bank, however, was soon settled amicably. On June 24, 1913, which was about the time those proceedings were dropped, deceased came with her daughter Elizabeth, now Mrs. Kille, to Mr. Schinzel's office, and in his presence tore up the second will, declaring that she had nothing against Elizabeth; that the second will is "not the will I want; the will I want probated is the will that you drew about a year ago." Mr. Schinzel was the only one of the subscribing witnesses to the original will who was present at this oral declaration.

[1] Upon these facts the instrument of July 17, 1912, has been admitted to probate. The second will, thus canceled, is found to have been duly executed. Hence its revoking clause revoked the first will. Although a testator destroys and revokes such a second will, that act does not revive the original will, "unless it appear by the terms of such revocation that it was his intention to revive and give effect to his first will, or unless, after such destruction, canceling or revocation, he shall duly republish his first will." 2 R. S. c. 6, pt. 2, tit. 1, § 53; now Decedent Estate Law (Laws of 1909, c. 18 [Consolidated Laws, c. 13]) § 41.

This enactment was because of a divergence on this point between the courts of common law and the ecclesiastical courts. 40 Cyc. 1212. And this reform in New York in 1830 led to a like provision in 1837

in the English statute of wills (1 Vict. c. 26, § 22). Jarnan on Wills (5th Am. Ed.) p. 796.

[2, 3] It is settled that the words "terms of such revocation" mean a revocation in writing; also that an effective republication must be in the presence of those who subscribed to the original will, as required for the original publication. Matter of Stickney, 161 N. Y. 42, 55 N. E. 396, 76 Am. St. Rep. 246. Hence decedent's oral declaration on June 24, 1913, in the presence of Mr. Schinzel, one of the subscribing witnesses to the will of July 17, 1912, that she desired to have probated the will which Mr. Schinzel had drawn about a year before, did not have the effect to revive that will.

I therefore advise that the decree of the Surrogate's Court of Kings County be reversed, that a decree be made refusing probate of the will offered, and that the letters testamentary issued to the executors be revoked, with one bill of costs of appeal, payable out of the estate, to the appellants. All concur.