GEORGE TRACY ROGERS and Others, Suing on Behalf of Themselves and All Other Stockholders Similarly Situated, Respondents, *v.* GEORGE J. GOULD and Others, Defendants, Impleaded with EDWARD T. JEFFERY, Appellant.

First Department, November 2, 1923.

Depositions — examination of defendant before trial — notice defective under Civil Practice Act, § 290, for failure to specify facts for examination.

A notice under section 290 of the Civil Practice Act for the examination of a defendant before trial is defective and should be vacated in an action based on fraudulent acts of the defendants, where the notice fails to specify facts which the plaintiffs must prove in order to establish their cause of action, and contains only the conclusions which are stated in the plaintiffs' complaint.

APPEAL by the defendant, Edward T. Jeffery, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of June, 1923, denying his motion to vacate a notice of his examination before trial.

*Carter, Ledyard & Milburn* [*Joseph W. Welsh* of counsel], for the appellant.

*Arthur M. Wickwire* and *Maurice B. & Daniel W. Blumenthal* [*Almet F. Jenks* of counsel; *Gustavus A. Rogers* and *Daniel W. Blumenthal* with him on the brief], for the respondents.

SMITH, J.:

The defendant appealing is Edward T. Jeffery. The action is a complicated action, wherein fraudulent practices are charged in reference to the formation of western railroads, especially the Denver and Rio Grande railroad, and the notice of examination which has been served simply recites the matters upon which the defendant is to be examined by repeating in so many words the charges made in four or five paragraphs of the complaint. There are the usual allegations in the complaint, not of facts, but of duty resting upon the directors which is claimed to have been violated, and other allegations upon which it is not proper to examine.

The notice to examine does not comply with section 290 of the Civil Practice Act by stating the matters upon which the witness is to be examined. The notice should specify facts which the plaintiffs must prove in order to prove their cause of action, and not conclusions which are contained in the plaintiffs' complaint.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate the notice to examine should be granted, with ten dollars costs, with leave to serve further notice in accordance herewith, upon payment of said costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiffs to serve a further notice specifying facts which plaintiffs must prove in order to sustain their cause of action, upon payment of said costs.