JOSEPH C. HAND, Plaintiff, *v.* SAMUEL HAIDUCK and BERTHA HAIDUCK, Defendants.

Supreme Court, New York Special Term, February, 1924.

Practice — when service of notice of motion to vacate notice for examination before trial deemed timely and in accordance with Civil Practice Act, § 291.

In the first department a plaintiff's notice for the examination of defendants before trial was served on January 21, 1924, and made returnable on the twenty-eighth day thereof. A notice of motion to vacate the notice for examination was served on January twenty-sixth and made returnable on the thirty-first of January. No appearance having been made by defendants at the time set for examination, their default was noted. *Held*, that the service of the notice of motion to vacate was timely and plaintiff's preliminary objection that the motion was untimely and not in accordance with section 291 of the Civil Practice Act will be overruled.

MOTION to vacate notice of examination before trial.

*Herman Goldman (Max A. Gelles*, of counsel), for motion.

*E. C. Sherwood (G. B. Van Kirk*, of counsel), opposed.

WAGNER, J. The preliminary question raised by plaintiff in opposition to the defendants' motion to vacate plaintiff's notice for examination before trial presents the interpretation of section 291 of the Civil Practice Act with respect to the time within which motions of such character may be made. That section reads: "Any question as to the right to take testimony, or as to the time or p ace, or as to the matters as to which the testimony is to be taken, or as to the persons before whom it is to be taken, may be raised by a motion to vacate or modify the notice. The service of notice if made for the first term or sitting of court at which the motion can be heard, shall operate to stay the taking of the testimony until the determination of the motion." It is with respect to the intended meaning of the phrase "first term or sitting of the court" that the

difficulty of interpretation occurs. The question here arises under the following facts: The notice for examination was served on January 21, 1924, and made returnable on the twenty-eighth day thereof. The notice of motion to vacate said notice was served on January twenty-sixth and made returnable on the thirty-first day of January. No appearance having been made by defendants at the time of said examination, said default was noted, and plaintiff now opposes the motion to vacate on the preliminary ground that the said motion was untimely and not in accordance with the provisions of the above section. It, of course, must be borne in mind that the application of this article is statewide, including the outlying districts where terms of court are held at various times and sittings occur at different places in the same districts at different times, as compared with the system in New York county, where the justices are assigned to sit at a continuous session of Special Term, Part I, for the hearing of such motions in usual periods of bi-weekly duration. As concerns other districts, the meaning of the phrase is easily comprehensible and clear; it does, however, present ground for difference of opinion when here applied. Its purpose, of course, is to provide against unreasonable delays and possible hardship to the examining litigant. At the same time the provision itself contemplates in what I consider the clearest terminology, that in many cases the hearing of the motion will occur subsequently to the date set for the exam nation and that the same shall be permissible if brought on for hearing without delay. That intention is manifested from the provision granting a stay of said examination. Such a provision would be meaningless if construed as compelling the hearing of the motion to vacate before the time specified for examination. Since Special Term, Part I, in this department is in continuous session, I do not regard that part of the phrase " first sitting of court " as determinative or helpful; if so, it would require the notice of motion to be made on the very day the notice of examination was served. Irrespective of the continuity of sitting of Special Term, Part I, and also of the custom of assignment of justices, and considering the meaning of the word as used in other sections of the state, I think it must be found that the word " term " refers to a sitting of the court of monthly duration and that the consequent intention was that the motion papers should be served within the month during which the examination is noticed. Furthermore, in order to obviate any waiver of the right to make such motion by reason of default in appearance on the date of examination and to take advantage of the part of the provision affording a stay until the determination of the motion, it would seem that the service of

34

the notice of motion to vacate should be made prior to the date set for examination. In this case the notice of motion to vacate, having been served prior to the date set for the examination, was timely, and the preliminary objection of the plaintiff is overruled. On the merits the notice for examination is modified to the extent of eliminating therefrom items 5, 6, 7 and 8. Examination to proceed at a time to be fixed in the order. Settle order on notice.

Ordered accordingly.