Samuel St. John, Plaintiff, *v.* Edward Putnam and Others, Defendants.

Supreme Court, Saratoga County, February 16, 1927.

Depositions — examination of witness before trial — application to vacate notice given under Civil Practice Act, § 290, for taking deposition of witness — joinder of issue not required before examination may be had — notice for examination will not be vacated where papers indicate proposed testimony is material and necessary to plaintiff.

A notice, given under section 290 of the Civil Practice Act, to take the deposition of a witness not a party, in an action for the partition of real property, will not be vacated, notwithstanding the fact that the action is not as yet at issue, though the original complaint and the *lis pendens* have been filed in the clerk's office.

The provisions of the Civil Practice Act, relative to the taking of testimony by deposition, do not require the joinder of issue before the examination may be had, and, where the papers presented, as on this motion, indicate that the proposed testimony is material and necessary to plaintiff's cause of action, the witness, whose testimony is sought to be taken, must appear and testify.

Motion by the defendant, Richard J. Sherman, as temporary administrator of the estate of Alice Petit Johnson Putnam, deceased, to vacate a notice for the taking of a deposition of a witness not a party to the suit.

*John B. Smith,* for the plaintiff.

*Sheridan P. Wait,* for the defendant Richard J. Sherman, as temporary administrator of Alice Petit Johnson Putnam, deceased.

Heffernan, J.   The action was commenced on the 25th day of January, 1927, by the service of a summons and a notice attached thereto to the effect that the object thereof is to obtain partition of the real property located in the county of Saratoga owned by the decedent at the time of her death.   No copy of the complaint was served with the summons but the original and the *lis pendens* have been filed in the clerk's office of Saratoga county.   The action is not yet at issue.

Section 288 of the Civil Practice Act provides, *inter alia,* that a party to an action may cause to be taken " the testimony of any other person, which is material and necessary, where such person * * * is so sick or infirm as to afford reasonable grounds of belief that he will not be able to attend the trial, * * *." Section 290 of the same act provides that a party may take such testimony by deposition by giving reasonable notice to his adversary. In accordance with these provisions the plaintiff gave notice to the defendant and to all other persons known to him to have any interest

in the litigation of his intention to take the testimony by deposition of one Beekman H. Searing before a referee at the time and place therein specified and indicated the matters upon which Searing was to be examined. Thereafter, the defendant, upon his own affidavit, the affidavit of his counsel and the summons and notice, obtained from a justice of this court an order directing the plaintiff to show cause why the notice should not be vacated and meanwhile staying all proceedings on his part pending the hearing and determination of that application. Upon the return of the order to show cause, plaintiff, in accordance with the provisions of section 291 of the Civil Practice Act, submitted affidavits in support of the notice.

The affidavits of the defendant upon which the order to show cause is based show that the defendant Sherman and the Adirondack Trust Company have filed in the office of the surrogate of Saratoga county what purports to be a last will and testament of the decedent, in which they are named as executors, executed May 15, 1926, and they have petitioned for its admission to probate as her last will and testament. In the answering affidavits, including one by William J. Delaney, an attorney at law of Saratoga Springs, N. Y., filed on behalf of the plaintiff, it is claimed that the decedent died intestate and that the alleged will filed for probate by the executors named therein is not the last will and testament of the decedent; that said alleged will was revoked by the due execution and publication of a will dated July, 1926, drawn by Mr. Delaney, and in which instrument he is named as the executor, and executed under the supervision of Searing; that this second will contained a clause revoking all former wills and that subsequently that will was destroyed. The affidavits filed on behalf of the plaintiff and the notice under which the deposition is to be taken show that Searing is feeble and infirm and is upwards of eighty years of age, and that he probably will not survive until the trial of the action.

The defendants' motion to vacate is predicated on the theory that a party seeking such an examination must establish that the proposed testimony is necessary and material for him in the prosecution of the action and he urges that because the cause is not yet at issue obviously it is impossible to determine the materiality and necessity of the proposed testimony. In support of his contention he cites *Diefendorf* v. *Fenn* (125 App. Div. 651) and *Welsh* v. *Cowles Shipyard Co., Inc.* (200 id. 724), as controlling authorities. In my judgment these cases are not decisive of the questions involved. *Diefendorf* v. *Fenn* (*supra*) was decided under the provisions of the Code of Civil Procedure. The order there was obtained to take the depositions of the defendants and others. The affidavit stated that the testimony sought to be taken " is material

and necessary for the prosecution of this action," and "for the purpose of not only framing her complaint, but of preparing her case for trial and of prosecuting her action." The court held that there was no existing provision of law for the examination of parties or witnesses on any such grounds. That decision has no application to the facts in this case. Under the Code of Civil Procedure, parties ordinarily were not subject to examination before trial, and one desiring to examine his adversary was required to prove circumstances justifying such procedure. The practice relative to the taking of testimony by deposition under the Code of Civil Procedure and the Civil Practice Act is entirely dissimilar. In this respect the latter act has wrought a radical change. It is no longer necessary, except when the deposition is to be used for the purpose of framing a complaint, for a litigant who desires to examine his adversary as a witness to apply to the court or to a judge for an order. He may serve a notice on the adverse party or his attorney. The method of obtaining the examination has been simplified by eliminating the necessity for an order and substituting a notice in its stead. The purpose of all this was to simplify the practice and to abolish the innumerable technical requirements of the Code of Civil Procedure and the General Rules of Practice. This legislation is remedial and should be liberally construed in furtherance of justice and to effectuate its provisions.

In *Welsh* v. *Cowles Shipyard Co., Inc.* (*supra*), the plaintiff applied for an order to take the deposition of the defendant and its president and for an inspection of its books and papers evidently for the purpose of framing his complaint. On no other theory was an order necessary. On an application of that character rule 122 of the Rules of Civil Practice provides that the affidavit must show that the testimony sought to be taken "is material and necessary for the party making such application, or the prosecution or defense of such action." In that case the Special Term granted the order and upon appeal the Appellate Division reversed the determination on the ground that it could not be known that the testimony sought was material and necessary until issue was joined. The court also called attention to the fact that the notice required to be given by section 290 of the Civil Practice Act, among other things, must state: "4. The *issues* upon which such person or persons are to be examined." The opinion also points out that the word "issues" as used in this subdivision is to be construed in its technical sense and that it has the same meaning given to the word in section 422 of that act. Since the decision in that case subdivision 4 of section 290 of the Civil Practice Act has been amended by eliminating the word "issues" and substituting the word

" matters " (Laws of 1923, chap. 205). Obviously, these words are not synonymous. There is nothing in the statutes or rules which expressly or by implication requires that an application of this character can only be made after the joinder of issue. It is the intent of the Civil Practice Act to simplify the procedure for procuring depositions and the court should not put restrictions upon the right to take such examinations other than those provided by statute or rule. Although this cause is not yet at issue, from the papers presented the court can readily see what the issues are. If the court is possessed of this information, it seems to me that it is of little importance whether that knowledge is acquired from the pleadings, from affidavits or from any other form of proof. To hold otherwise, as I view it, is to defeat the purpose of this beneficent legislation.

The reasons for taking the deposition in the case at bar are set forth in the notice with precision and definiteness and are sufficiently limited and there is nothing to indicate that such examination is not sought in good faith. Certainly the proposed testimony is material and necessary and extremely important to the plaintiff. If the decedent in July, 1926, actually executed a new will in accordance with the provisions of the statute, that would constitute a revocation of the will of May 15, 1926, which has already been filed for probate. (Decedent Estate Law, § 34.) From the proof presented it appears that the will of July, 1926, cannot be found. The destruction of that will, however, would not give life to the former will unless it clearly appears that it was the intention of the testatrix to revive the same and give effect to it as a will. (Decedent Estate Law, § 41; *Matter of Kuntz*, 163 App. Div. 125.)

For these reasons the motion to vacate the notice is denied, with costs, and the witness, Searing, is directed to appear before the referee at the place specified in the notice on the 18th day of February, 1927, at eleven o'clock in the forenoon.

Ordered accordingly.