RONALD D. NOBLE, Plaintiff, *v.* COPAKE LAKE PURE ICE AND WATER CORPORATION and Others, Defendants.

Supreme Court, Fulton County, March 29, 1927.

Depositions — examination of defendants before trial — record fails to show what issues are to be litigated — notice vacated — application for examination may be made before joinder of issue.

A notice for the examination of the defendants herein before trial must be vacated since there is nothing in the record to indicate what issues are to be litigated or that the testimony sought is either material or necessary; until there is some proof disclosing what issues are involved, there is no authority for taking testimony by deposition.

There is nothing in the Civil Practice Act or the Rules of Civil Practice which expressly or by implication requires that an application to take testimony by deposition can only be made after the joinder of issue.

MOTION to vacate a notice to take the testimony of certain defendants by deposition and of others who are not parties to this action.

*Horton D. Wright*, for the plaintiff.

*Van Doren, Conklin & McNevin* (*Alfred C. B. McNevin* of counsel), for certain defendants.

HEFFERNAN, J. The matter comes before the court on an order to show cause which contains a stay of proceedings. Many reasons are assigned by counsel for the defendants why examination should not be had.

From the papers it appears that the action was commenced in December, 1926. The complaint was served by mail on January 25, 1927. On January 26, 1927, the defendants who appear made a motion to dismiss the complaint for reasons which it is not necessary to consider here. The plaintiff consented to a dismissal of

the complaint reserving the right to file an amended complaint within twenty days. This has been done. The defendants have not answered and their time to do so will not expire until April 1, 1927.

It seems to me that the plaintiff's application to take the desired testimony is premature. There is nothing before the court to show what the issues are. The Civil Practice Act (§ 288) provides that a party to an action in a court of record may cause to be taken by deposition before trial his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action. There is nothing to show that the testimony which the plaintiff proposes to take is either material or necessary. I do not assent to the proposition urged by the defendants that such an examination can only be had after the joinder of issue. If the court can see what the issues are, even though no pleadings have been served, the examination may be allowed. There is nothing in the statute or the rules which expressly or by implication requires that an application to take testimony by deposition can only be made after the joinder of issue. The cases which counsel for the defendants call to my attention arising under the Code of Civil Procedure are no longer valuable as precedents. The practice under the Civil Practice Act and the Code of Civil Procedure is not at all similar and consequently the cases decided under the Code have no application. Section 291 of the Civil Practice Act, regulating a motion to vacate or modify a notice for such an examination, is added confirmation of the legislative intention that the joinder of issue is not a condition precedent to such an examination. That section provides that the motion to vacate " shall be heard upon the notice of the taking of testimony, *the pleadings, if any,* and upon such affidavits in support of such notice, and in answer thereto, as the parties may submit." I have recently discussed this subject in *St. John* v. *Putnam* (128 Misc. 707) and I see no reason to depart from the conclusions there reached. It seems to me that counsel for the defendants have singularly misapprehended the effect of that decision. There it was written: " Although this cause is not yet at issue, from the papers presented the court can readily see what the issues are. If the court is possessed of this information, it seems to me that it is of little importance whether that knowledge is acquired from the pleadings, from affidavits or from any other form of proof." In the *St. John* case there was ample proof before the court disclosing the precise issues involved. That is not the situation in the case at bar. There is absolutely nothing in this record to indicate what issues are to be litigated. As the case stands to-day there are no issues and no proof as to what issues may

arise. Nothing contrary to the views expressed here or in the *St. John* case has been decided in any of the cases upon which the defendants rely.

Until there is some proof disclosing just what issues are involved in this suit, however, there is no authority for taking testimony by deposition. For that reason the notice is vacated, but under the circumstances without costs, and without prejudice to the right of the plaintiff to move to take such testimony as he may be advised if it should subsequently appear that he is entitled to take the same.

An order may be submitted in accordance with these views.