HARRY RUBIN and Another, Plaintiffs, *v.* WILLIS J. SHELDON, Defendant.*

Supreme Court, Chemung County, October 20, 1927.

**Depositions — examination of defendant before trial — notice for examination " upon the issues in this action " is insufficient under Civil Practice Act, § 290, subd. 4.**

A notice for the examination of the defendant before trial which states that the defendant will be examined "upon the issues in this action" is insufficient, under subdivision 4 of section 290 of the Civil Practice Act, and will be vacated on the ground that it does not, as required by statute, state the "matters" upon which the examination will be had. The defendant was entitled to be informed specifically and in detail of the facts upon which he was to be examined.

MOTION to vacate notice for examination of defendant before trial.

· *Mortimer L. Sullivan* [*Levi Ginsberg* of counsel], for the plaintiff.

*Thomas Galvin,* for the defendant.

SENN, J. This is an action for breach of contract on the sale of the physical property and good will of a mercantile business.

Briefly, the complaint is that on or about December 8, 1926, the plaintiffs purchased of the defendant and his wife the wholesale newspaper business then conducted by them at No. 19 Ferry street in the city of Troy, Rensselaer county, N. Y., and the defendant agreed not to engage in any way in any similar business in the counties of Albany and Rensselaer for a period of five years; that in violation of said agreement the defendant, in association with others, opened a rival wholesale newspaper business in said city and in addition has been and still is in the employ, as salesman, of a rival stationery and newspaper store in said city.

The answer admits the sale and contract but denies the alleged violations. The action is at issue. Plaintiff has served a notice for the examination of the defendant before trial, " upon the issues in this action." The notice contains no other statement pursuant to subdivision 4, section 290 of the Civil Practice Act. Defendant moves to vacate the notice on the ground " that it is indefinite and insufficient, in that it does not state the matters and testimony that are material and necessary to be taken."

---

* See, also, 130 Misc. 736.

In *Richmond* v. *Josephthal* (203 App. Div. 281), decided in the Appellate Division, Third Department, November, 1922, it was held in regard to a notice to examine witnesses before trial that it was a sufficient statement of the issue under section 290, subdivision 4, of the Civil Practice Act, to refer by number to the paragraphs of the complaint which had been denied by the answer, as the issues upon which the witnesses would be interrogated.

This was an affirmance of the order of the Special Term (*Prankark* v. *Josephthal*, 119 Misc. 860), where the justice presiding based his decision partly on the fact that the persons to be examined were not parties to the action, but mere witnesses who would supposedly not be interested in the action and in whose behalf the application to vacate was not made. Although not referred to in the opinion of the appellate court, I feel that the distinction is not altogether without merit and that the rule should be more strictly applied where the person to be examined is an adverse party to the action, than where mere witnesses are to be examined.

The rule enunciated in our Third Department appears not to have prevailed in the First Department. (BIJUR, J., in *Rogers* v. *Gould*, 120 Misc. 433, March, 1923. See, also, *Rogers* v. *Gould*, 206 App. Div. 433, Nov. 1923.)

This divergence of opinion may or may not be the reason why the subdivision in question was amended effective April 9, 1923. Originally it read: " 4. The issues upon which such person or persons are to be examined."

By the amendment the word " matters " was substituted for " issues," so that it is now necessary to state the matters upon which the person is to be examined.

A statement of the issues is one thing. A statement of. the matters comprising the issues is another. While the word " matter " has several meanings and has, therefore, been variously defined, its most general legal meaning is " facts," " substance as distinguished from form." (Black's Law Dict. [2d ed.] tit. " Matter.")

" The term 'matter,' as used in law, means a fact or facts constituting a whole or a part of a ground of action or defense." (Words & Phrases, tit. " Matter," citing *Nelson* v. *Johnson*, 18 Ind. 329, 332.)

I am of the opinion and hold that the subdivision in question as amended must be construed as though it required a statement of the facts upon which a person is to be examined, and that a mere general statement that he is to be examined " upon the issues in this action " is insufficient, as being too general. In short that the defendant in this action was entitled to be informed

specifically and in detail of the facts upon which he was to be examined.

Except for the amendment I should have held under the authority of *Richmond* v. *Josephthal* (*supra*) that the notice in question was good. But the change of one word has given the subdivision a very different meaning.

The motion to vacate the notice of examination must be granted but without prejudice to plaintiff's right to make and serve a new or other notice to examine the defendant.

An order may be prepared accordingly.