VIOLA MYERS and J. RHODES O'REILLY, as Receiver of the Real and Personal Property of HENRY J. MYERS, Respondents, v. HENRY J. MYERS and Others, Appellants, and Others, Defendants.— Judgment and same as amended and order unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ. [131 Misc. 318.]

NEDLIN REALTY CO., INC., Respondent, v. SAMUEL BACHNER and Others, Defendants. METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, Appellant.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion to vacate notice of examination before trial granted, with ten dollars costs. It is provided by the Civil Practice Act (§§ 288, 289) that a party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of an adverse party [any other party] which is material or [and] necessary in the prosecution or defense of the action. While it is not essential that issue be joined to justify such an examination, there must be proof before the court that the testimony sought to be adduced is material and necessary. There is no such proof before this court. There is no allegation in the complaint that the defendant sought to be examined is a corporation. The court is unable to determine the issues. (*Noble* v. *Copake Lake Pure Ice & Water Corporation*, 129 Misc. 445.) Further, under the notice the plaintiff seeks to examine not the defendant, assuming it to be a corporation, but an officer thereof. While this court has held this latter defect to be a mere irregularity and that the order may be modified by providing that the examination of the corporation is to be by its officer (*Senger* v. *Rubel*, 224 App. Div. 768), the record in this case does not justify the application of this rule of law. The complaint, to say the least, is inartfully drawn. Young, Hagarty, Seeger and Carswell, JJ., concur; Lazansky, P. J., concurs in result.

ALFRED C. NELSON, Respondent, v. EDWARD W. JACKSON, Defendant, and CHARLES ANDERSON PHILLIPS, Appellant.— Order denying motion for change of venue affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty and Scudder, JJ., concur; Seeger, J., dissents.

AGNES PICKETT, Respondent, v. MANHATTAN BRIDGE THREE CENT LINE, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

WILLIAM PITT, Respondent, v. ROBERT FINLAY, Appellant.— Judgment affirmed, with costs. While the court erred in charging the jury that defendant owed to plaintiff the same degree of care as he would owe if plaintiff had paid for his passage, the charge clearly pointed out to the jury that the duty of defendant to plaintiff was to exercise reasonable care in the operation of the automobile, without any specific reference whatsoever as to how reasonable care of a carrier to a passenger should be measured. Lazansky, P. J., Hagarty, Seeger and Scudder, JJ., concur; Kapper, J., dissents and votes for a reversal and for a new trial because of errors in the charge at folios 133, 134, 140, 141, 152 and 153.