ANNE ABELS, Plaintiff, *v.* BERNARD D. RUBIN, Defendant.

County Court, Nassau County, December 13, 1932.

*Harold M. Spitzer*, for the plaintiff.

*Hirsh, Newman, Reass & Becker* [*Warren M. Caro* of counsel], for the defendant.

JOHNSON, J. The summons and complaint were served November 11, 1932. From the complaint it appears that the plaintiff seeks to recover the sum of $1,183.83 as rent and charges, under the terms of an alleged lease between the parties. Defendant's time to answer has not expired and no answer has yet been interposed. Simultaneously with the service of the summons and complaint, the plaintiff served the notice and subpœna to examine the defendant as an adverse party before trial as to:

1. The terms of the alleged lease between the parties; and

2. Matters relating to the occupancy of the defendant under such lease.

The examination sought is not to enable the plaintiff to frame

his complaint nor is it sought to perpetuate testimony. It seeks the usual examination of an adverse party before trial after the action has been instituted.

Prior to the amendment of subdivision 4 of section 290 of the Civil Practice Act by chapter 205 of the Laws of 1923, such an examination could not have been had before answering, because the statute required the notice to state "the issues upon which such person or persons are to be examined," and no issues could exist until answer had been interposed. By the amendment the word "matters" was substituted for the word "issues." It is asserted that this permits such an examination in advance of answer.

It has been so held by Mr. Justice HEFFERNAN in *St. John* v. *Putnam* (128 Misc. 707) and *Noble* v. *Copake Lake Pure Ice & Water Co.* (129 id. 445).

In the *St. John* case the action was in partition and the examination sought was not that of a party but of a witness not a party, and although the action was not at issue it was shown by affidavit that an alleged will had been filed for probate and that in spite thereof the plaintiff claimed the decedent had died intestate and that the will thus filed had been revoked. It consequently appeared sufficiently that proof, in support of such contention on the part of the plaintiff, was necessary and material for him in the prosecution of the partition action, even though at the time issue had not actually been joined. Furthermore, in partition actions and in certain other actions it is sometimes requisite for the plaintiff to establish his case by proof, whether or not an answer creating an issue had been filed. Consequently, the decision of Mr. Justice HEFFERNAN in sustaining the notice of examination might well have been proper upon that ground.

In the *Noble Case (supra)*, on the other hand, Mr. Justice HEFFERNAN granted the notice to vacate the notice of examination. There the complaint had been served and notice of examination was served by the plaintiff before defendant's time to answer had expired and before answer was interposed. In that case, however, no proof was presented to Mr. Justice HEFFERNAN by affidavit to show what the issues were, and hence there was nothing before him to show that the testimony desired by the plaintiff was either material or necessary.

The actual decision of the learned justice in those two cases was proper, and if applied to the case now before me would require the granting of this motion. Here, as in the *Noble Case (supra)*, there is nothing before this court to show what the issues are or that the testimony sought by the plaintiff is material and necessary to the prosecution by him of the action. The complaint shows

that his cause of action is for rent upon an alleged lease and there is nothing presented to the court to indicate the raising of any issues as to the allegations of the complaint. There is the bare assertion in the affidavit of the plaintiff's attorney that " the matters upon which it is sought to examine the defendant are matters relating to the terms of said written lease and relating to the occupancy of the defendant under said lease. It is obvious that these matters are material and necessary for the plaintiff to prove in order to establish her case, unless the defendant shows by affidavit or otherwise that he intends to admit the allegations of the complaint."

It is not incumbent upon the party moving to vacate the notice to show that the conditions which permit an examination do not exist. The burden is upon the party seeking the examination to sustain it by showing facts which entitle him to it. (*Lovasz* v. *Fowler*, 209 App. Div. 169.) A mere statement or allegation that the matters upon .which examination is sought are material and necessary for the plaintiff to prove in order to establish her case has been held insufficient, as nothing more than a legal conclusion, to sustain the burden of the party seeking an examination in the absence of other facts entitling him to it. (*Higgins* v. *N. Y. Dock Co.*, 137 App. Div. 823; *Van Riper* v. *Ray*, 87 Misc. 445.)

Consequently the plaintiff has not brought himself within even the decisions above referred to made by Mr. Justice HEFFERNAN, and the motion to vacate might well be granted upon that ground alone.

Nevertheless, I consider it necessary to determine the perhaps more important question whether such an examination may be had, in any event, in advance of the creation of issue by the interposition of an answer. In the *St. John* and *Noble Cases* (*supra*) Mr. Justice HEFFERNAN asserted that the provisions of the Civil Practice Act in question do not require the joinder of issue before such examination may be had. As has been pointed out above, I believe this to be by way of dictum. The reasoning of the learned justice leading to the conclusion to which he came, followed from the amendment in question whereby subdivision 4 of section 290 of the Civil Practice Act was changed so as to require the notice of examination to state, not the " issues " but the " matters " upon which examination was to be had. He concluded that such change indicated that examinations were no longer to be confined to issues created by interposition of answer to complaint but were to be extended to matters generally, even if no issue had as yet been created by the pleadings.

I am unable to agree with their reasoning or with the conclusion

drawn therefrom. Section 290 of the Civil Practice Act relates solely to the contents of the notice. Subdivision 4 thereof formerly required it to state the issues for which examination was sought. As amended, the notice is required to state the matters upon which examination is sought. The term " matters " as used in the law means a fact or facts constituting the whole or a part of a cause of action or defense. Consequently when a statute requires the notice to contain a statement of matters upon which examination is sought, it is equivalent to requiring a statement of the facts upon which a person is sought to be examined. Subsequent to the amendment, therefore, it would be insufficient to state in the notice of examination that the party sought to be examined was to be examined upon the issues, and it would be necessary to inform him in the notice specifically of the facts upon which his examination was sought. (*Rubin* v. *Sheldon*, 130 Misc. 588.)

In my opinion the intent of the amendment (Laws of 1923, chap. 205) was not to permit examination generally in advance of issue, but rather to require the statement in the notice of examination of the particular matters or facts upon which examination was sought.

In any event, the decisions of the Appellate Division in this department, subsequent to the amendment, have been consistently to the effect that such an examination, if sought before issue joined, is premature. (*Kardonski* v. *Tozzi*, 217 App. Div. 753; *Mackay, Lovell & Co.* v. *Dillon*, 215 id. 842; *Engbrocks* v. *Yuells*, 230 id. 867.)

In the case first cited the Appellate Division reversed an order denying defendant's motion to vacate and granted the motion, saying " we think that the examination sought in advance of service of answer is premature. Until joinder of issue it is impossible to ascertain what the disputed facts are; " and in the case last cited in taking similar action, the court did so " upon the ground that the application before issue joined is improper."

It follows, therefore, that the present motion must be granted, without prejudice, however, to the right of the plaintiff to renew the application after issue joined.