YONKERS NEW SYSTEM LAUNDRY, INC., Respondent, v. LOUIS SIMON, Treasurer of Laundry Workers Joint Board of Greater New York A. C. W. of A., C. I. O., an Unincorporated Membership Association, and GEORGE GALPER, REMY HUEN, HARRY SCHNOPP, PETER RINGLER, JR., EDWARD SAXE, JOSEPH PRATTELLA, LEO D. ENGEL, HERBERT HABER, GEORGE ELLIOTT, JOHN PETROSINO, EDWARD COLVILLE, ARMAND NADASDI, GAVIN RIDDETT and JOHN GROCKI, Appellants.— In an action based upon two alleged causes of action pleaded as one, for an injunction (1) to restrain the defendants from picketing and other activities incident to a labor dispute, and (2) from violation of certain negative restrictive covenants in contracts of employment entered into between plaintiff and certain defendants respectively, order directing the examination before trial of the individual defendants upon subjects of inquiry specified in that order modified by striking therefrom all of such subjects and inserting in lieu thereof the following, viz.:

2. Concerning the entry by plaintiff and the individual defendants respectively, between June 10, 1932, and February 25, 1939, into employment contracts.

3. Concerning the conduct of defendants from September 18, 1939, in delivering the lists of plaintiff's customers and routes and other confidential information to

competitors of plaintiff in the territory wherein the plaintiff operates, and in soliciting those customers to discontinue business relations with the plaintiff and to give their laundry work to plaintiff's competitors in that territory.

4. Concerning the conduct of the individual defendants on and after September 18, 1939, while in plaintiff's employ, (a) in stating to plaintiff's customers, from whom defendants in the course of their then employment had been picking up laundry to be cleaned by the plaintiff, that plaintiff would discontinue their employment with plaintiff on October 31, 1939, and that they (defendants) would engage in business for themselves; and (b) in soliciting plaintiff's said customers for themselves after October 31, 1939.

10. Concerning the conduct of the individual defendants since November 6, 1939, in distributing lists of plaintiff's customers and other confidential information belonging to the plaintiff to employees of competitors of the plaintiff in the territory wherein plaintiff operates, and in accompanying such employees to plaintiff's customers and requesting the latter to deliver their laundry to such competitors of the plaintiff.

24. Concerning the conduct of the individual defendants in consorting with drivers for laundries competing with the plaintiff, since September 18, 1939, and all agreements and arrangements made as between themselves regarding the disclosure of the names and addresses of plaintiff's customers, and other confidential information acquired by the individual defendants in the course of their employment with the plaintiff; and

25. Concerning the alleged fact that defendant Louis Simon, as Treasurer of Laundry Workers Joint Board of Greater New York A. C. W. of A., C. I. O., its officers, agents, servants, employees and members participated in, fostered, aided and abetted all of the acts, occurrences, incidents and conduct referred to in the previous subjects of inquiry.

As thus modified, the order, in so far as appealed from, is affirmed, without costs, and without prejudice to plaintiff's application for further examination of defendants if the complaint be amended so as to cure the declared defect therein. Examination to proceed on five days' notice. In our opinion, in view of the construction placed upon the complaint by the learned Special Term (18 N. Y. Supp. [2d] 73 [not officially published]), which construction has become the law of the case, the examination of defendants before trial should be limited to the matters above indicated, which are stated in proper form. (*Rogers* v. *Gould*, 206 App. Div. 433.) Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.