Benjamin Brenner, J.
Defendants Benjamin Ziegler and Crystal Paper Box Co., Inc., move to vacate or modify plaintiff’s notice of examination of said defendants before trial. Plaintiff cross-moves pursuant to article 29 of the Civil Practice Act, to strike the answer of said defendants for failure to appear for examination pursuant to said notice.
The notice he attacked is in the form followable under rule 121-a of the Rules of Civil Practice, as amended in 1958. The movants’ contention that the testimony sought to be taken is not material and necessary, is clearly without substance. (MacLeod v. Roth Co., 5 A D 2d 974; Greiner v. Freund, 5 A D 2d 978; Rothman & Schneider v. Beckerman, 5 A D 2d 985.)
The moving defendants also complain that the notice, insofar as it seeks an examination of the corporate defendant as an adverse party, is defective in that it is not directed to said corporation but merely to defendant Benjamin Ziegler as an officer thereof. The notice plainly purports to seek the examination of both of them as adverse parties. While the notice as to the corporation is defective in form, the defect is, at most, a mere irregularity which the court is authorized to correct. (See Nedlin Realty Co. v. Bachner, 225 App. Div. 776.) It will, therefore, be deemed modified so as to direct an examination of the corporate defendant through Benjamin Ziegler, as an officer, director, agent, etc. thereof or through any other officer, agent, etc. having knowledge of the facts. The objection that the interests of justice will not be subserved by the examination sought herein cannot be sustained. No facts appear from the papers before the court which give support to such contention.
The final objection, however, to the effect that plaintiff’s demand for the production of books, records, etc. specified in the notice goes beyond proper and permissible limits is one which, in the court’s opinion, has merit. It is not perceived at this stage, for example, how the blanket production of all records of transactions involving “ any customers of Ben-Son or Crystal for whom Ben-Son did any work * # * directly or indirectly ” is material and necessary to the prosecution of the action. Plaintiff’s notice of examination in this regard is, there *307 fore, modified by striking the requirement for the production of the books and papers presently specified in the notice and substituting in place thereof a direction for the production of all relevant books, records, papers, etc. for use in accordance with section 296 of the Civil Practice Act.
Plaintiff’s cross motion to strike the answer of the moving defendants for alleged willful failure to appear for the examination is denied. The service of the notice of motion to vacate the notice of examination operated to stay the examination pending a determination of the motion to vacate (Civ. Prac. Act, § 291; see Hand v. Haiduck, 122 Misc. 528). In any event it cannot be said, upon all the circumstances that their failure to appear was willful.
Settle order on notice in accordance with the foregoing.